Gunnar SMITH

v.

**BERKS COMMUNITY TELEVISION and Kathleen Stutzman.**

Civ. A. No. 86–6720.

United States District Court, E.D. Pennsylvania.

March 9, 1987.

Manuel R. Geraldo, Washington, D.C., Gerald S. Robinson, Harrisburg, Pa., for plaintiff.

Herbert Karasin, Reading, Pa., for defendants.

MEMORANDUM AND ORDER

HUYETT, District Judge.

Plaintiff has filed this action alleging that defendants Berks Community Television (BCTV) and Kathleen Stutzman have discriminated against him in violation of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Defendants have filed a motion to dismiss on the grounds that BCTV is not an "employer" as that term is defined by the act and that, therefore, this court lacks subject matter jurisdiction. For the reasons which follow, I will grant the motion to dismiss.

Section 701(b) of the Act defines an employer as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." The plaintiff alleges that BCTV had, at all relevant times, nine paid employees and approximately eleven unpaid volunteers. It is undisputed that the volunteers received no financial remuneration of any

sort, either direct or indirect; receive no fringe benefits or reimbursement for expenses; and contribute assistance on a purely voluntary basis. The issue before the court is whether such volunteers are "employees" within the meaning of the Act.

▮ The parties agree that this is a matter of first impression. Whether one is an employee for purposes of Title VII jurisdiction is a question of federal law and is to be ascertained through consideration of the statutory language and legislative history of the Act. *Armbruster v. Quinn*, 711 F.2d 1332, 1339 (6th Cir.1983).

The definition of "employee" contained in Title VII is of little help. "The term 'employee' means an individual employed by an employer." 42 U.S.C.A. § 2000e(f). The statute does specifically exclude certain workers from the definition of employee. Plaintiff argues that because volunteers are not explicitly excluded from the definition, they are included. However, the statute excludes certain *occupations* from coverage, not certain types of workers.[1] This language cannot be construed as intending to make a distinction between, *e.g.*, paid employees and volunteers, or employees and independent contractors.

The legislative history indicates the objective of Title VII was the elimination of discrimination in employment. *Griggs v. Duke Power Co.*, 401 U.S. 424, 429–31, 91 S.Ct. 849, 852–53, 28 L.Ed.2d 158 (1971); *Equal Employment Opportunity Commission v. E.I. duPont de Nemours & Co.*, 445 F.Supp. 223, 232 (D.Del.1978). Thus, the Act makes it unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment." 42 U.S.C.A. § 2000e–2(a)(1). "In enacting Title VII, Congress sought to eliminate a pervasive, objectionable history of denying or limiting one's livelihood simply because of one's race, color, sex, religion or national

origin." *McBroom v. Western Electric Co., Inc.*, 429 F.Supp. 909, 911 (M.D.N.C. 1977).

▮ Although the primary purpose of Title VII was the elimination of unlawful discrimination in employment, a secondary purpose, reflected in the scope of relief provided by the statute, was to make whole those who have been injured by such discrimination. *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 418–21, 95 S.Ct. 2362, 2372–73, 45 L.Ed.2d 280 (1975); *Adler v. John Carroll University*, 549 F.Supp. 652, 655 (N.D.Ohio 1982).

In determining whether an individual is an employee for Title VII purposes, "one must examine the economic realities underlying the relationship between the individual and the so-called principal in an effort to determine whether that individual is likely to be susceptible to the discriminatory practices which the act was designed to eliminate." *Armbruster*, 711 F.2d 1332, 1340.

Unpaid volunteers are not susceptible to the discriminatory practices which the Act was designed to eliminate. Moreover, although injunctive relief would, of course, be available to volunteers, the remedy of back pay would be wholly inappropriate for unpaid workers.

Plaintiff argues that remuneration is not an essential element of the definition of "employee," and that the determinative characteristic is the control of the employee's activities by the employer. However, cases such as *Tarboro v. Reading Co.*, 396 F.2d 941 (3d Cir.1968), *cert. denied*, 393 U.S. 1027, 89 S.Ct. 637, 21 L.Ed.2d 569 (1969) are directed towards the distinction between an employee and an independent contractor, or a "borrowed servant." In such a case, the power to control and supervise the employee is the critical factor. Such a case is not dispositive of the instant issue.

Nor is *McClure v. Salvation Army*, 460 F.2d 553 (5th Cir.) *cert. denied*, 409 U.S.

---

1. "[T]he term 'employee' shall not include any person elected to public office in any State or political subdivision of any State by the qualified voters thereof, or any person chosen by such officer to be on such officer's personal staff, or an appointee on the policy making level or an immediate adviser with respect to the exercise of the constitutional or legal powers of the office." 42 U.S.C.A. § 2000e(f).

896, 93 S.Ct. 132, 34 L.Ed.2d 153 (1972), cited by the plaintiff, controlling in the present case. In *McClure*, the plaintiff had stated in an employment application that she would regard herself as a volunteer. However, the court found that plaintiff was "selected, employed, controlled, trained, and *paid by* [defendant]. When the existence of such factors is shown, the individual falls within the definition of 'employee.'" 460 F.2d 553, 557 (emphasis added). In the present case, of course, the volunteers were not paid by the defendants or by any other person.

 Reading the term "employee" in light of the mischief to be corrected and the end to be attained, *NLRB v. Hearst Publications*, 322 U.S. 111, 124, 64 S.Ct. 851, 857, 88 L.Ed. 1170 (1944), I conclude that unpaid volunteers are not employees within the meaning of the Act.[2] An appropriate order follows.

---

**2.** While the agency's interpretation of its own regulations or the statute it administers is entitled to great weight, the mere fact that the EEOC dismissed the plaintiff's charge on grounds other than the number of employees is not dispositive. The EEOC dismissed the complaint for lack of jurisdiction because plaintiff did not allege or otherwise demonstrate that he was directly affected by defendants' alleged discrimination. Having determined that it lacked jurisdiction, there was no need for the EEOC to consider the case further. Thus, there is no reason to believe that the EEOC considered or disposed of the matters raised in this motion.