Sept. 22, 1987.

**Donald H. SCHOENBAUM, Plaintiff,**

**v.**

**The ORANGE COUNTY CENTER FOR the PERFORMING ARTS, INC., et al., Defendants.**

**No. CV 86–7932 FW.**

United States District Court, C.D. California.

Sept. 27, 1987.

---

James L. Morris, Rutan & Tucker, Costa Mesa, Cal., for defendants.

Brian J. Friedman, Law Offices of Friedman & Friedman, Beverly Hills, Cal., for plaintiff.

## MEMORANDUM OF DECISION AND ORDER

WHELAN, District Judge.

This action is a claim for employment discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. 621 *et seq.*, against the Orange County Center for The Performing Arts, Inc., the Executive Director of that organization and certain individual trustees of that organization. Plaintiff alleges he was denied employment in the position of Executive Director because of his age, which is 58. Defendants brought a motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, on the ground that at the relevant times the Orange County Center did not have the requisite number of employees to be subject to the provisions of the ADEA. The motion was heard on February 18, 1987. At that time, Plaintiff was allowed limited discovery to support his assertion of jurisdiction under the Act. At a further hearing on May 20, 1987, the matter was submitted for decision.

The court has now considered the arguments of counsel and the various memoranda of points and authorities, declarations and deposition excerpts submitted. The court is of the opinion that summary judgment should be granted in favor of Defendants.

## DISCUSSION

The ADEA defines "employer" for purposes of the Act as a person or his agent "engaged in an industry affecting commerce who has twenty or more employees

for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 29 U.S.C. § 630(b). Defendants concede that the Orange County Center was engaged in commerce, but deny that it had the requisite twenty employees in either 1983 or 1984, the years in question. Plaintiff, on the other hand, contends that the Center's trustees and other volunteers must be considered "employees" to effect the remedial purposes of the ADEA.

■ The ADEA does not define the term "employee," other than as "an individual employed by any employer." 29 U.S.C. § 630(f). Although the Ninth Circuit has not decided the issue of whether and in what circumstances a trustee, director or volunteer should be considered an employee for the purposes of the ADEA, several other circuit and district courts have attempted to address the question. The courts agree that a determination of whether an individual is an employee does not center on the label given by the organization, but instead turns on an examination of the facts of each case. *See Zimmerman v. North American Signal Co.,* 704 F.2d 347 (7th Cir.1983); *EEOC v. First Catholic Slovak Ladies Ass'n,* 694 F.2d 1068 (6th Cir.1982), *cert. denied,* 464 U.S. 819, 104 S.Ct. 80, 78 L.Ed.2d 90 (1983); *McGraw v. Warren County Oil Co.,* 32 FEP Cases 1798 (S.D.Iowa 1982), *aff'd,* 707 F.2d 990 (8th Cir.1983).

In *Zimmerman, supra,* the Seventh Circuit held that the wives of two of the defendant company's major shareholders and officers were not employees by virtue of their positions as directors and as unpaid, inactive volunteers. The directors took no active role in the daily affairs of the corporation; the only payment they received was as directors and not as officers. The court held that it did "not believe that Congress intended the term 'employee' to include persons who are no more than directors of the corporation or unpaid, inactive officers." 704 F.2d at 352.

In *McGraw, supra,* the District Court held, and the Eighth Circuit affirmed, that the limited role of the directors who were paid for performing an audit of the employer's financial records did not support the conclusion that these directors were employees for the purposes of the ADEA. 32 FEP at 1799.

Finally, in *First Catholic, supra,* the Sixth Circuit held that directors whose primary role was that of employees, and who drew salaries as employees, should be considered employees for purposes of the ADEA despite their almost incidental additional function as directors. The individuals there performed traditional employee duties such as maintaining records, preparing financial statements, and managing the office. 694 F.2d at 1070.

■ This court is of the opinion that the director/trustees in question in the instant case participated in activities more similar to the directors in *Zimmerman* and *McGraw, supra,* than to those described in *First Catholic, supra.* It is undisputed that the Center's trustees received no compensation, either as directors or as officers, for their work on the Board. The functions performed by the directors in this case, such as raising capital funds and hiring an executive officer, are more similar to traditional functions of corporate board of directors than traditional functions of an employee. Members of the Board of Directors reported to no one other than the Board itself, and thus lacked the traditional employer-employee relationship. *See also Chavero v. Local 241, Amalgamated Transit Union,* 787 F.2d 1154 (7th Cir. 1986) (analogous provision under Title VII).

It cannot be said that any of the defendant trustees functioned in his primary role as an employee of their Orange County Center. Each trustee was active in other business pursuits and devoted only a relatively small portion of his time to the Center. Plaintiff has not shown, and the Court is convinced that he cannot show, that the trustees or directors acted as employees of the Orange County Center. The Court thus holds that Congress did not intend the term "employee" in the ADEA to include the defendant trustees and directors by virtue of the functions they performed for the Orange County Center.

Plaintiff has similarly failed to demonstrate that other, unpaid volunteers can be counted as employees for purposes of reaching the jurisdictional minimum. The volunteers were not paid. The Center's policy of making certain tickets available for purchase by major *donors* (as opposed to *volunteers*) cannot be said to constitute payment to the volunteers, although many volunteers were, of course, donors as well. *See also Smith v. Berks Community Television*, 657 F.Supp. 794 (E.D.Pa.1987) (Volunteers receiving no financial remuneration or reimbursement are not "employees" under analogous provision in Title VII).

Even if the activities of volunteers or director/trustees were such that they should fairly be considered employees of the Center, Plaintiff has not shown that either the volunteers or the director/trustees performed such functions or activities for the Center each day for twenty weeks in either of the two preceding years, as required by the Act. Plaintiff was given ample opportunity to conduct discovery to make such a showing, and the Court believes that he cannot do so. Without that showing, the Center cannot be considered an employer for the purposes of the ADEA. The Court does not believe an exception can be made for the special nature of a non-profit corporation, like the Orange County Center, which relies primarily on volunteer help, and which, in its initial phases at least, has few real employees.

Accordingly, the Court has no jurisdiction over Plaintiff's claim and the entire action must be dismissed.

IT IS SO ORDERED.