**Rochelle D. HALL, Plaintiff,**

v.

**DELAWARE COUNCIL ON CRIME AND JUSTICE, Defendant.**

**Civ. A. No. 90–748–JJF.**

United States District Court,
D. Delaware.

Jan. 14, 1992.

Thomas S. Neuberger of Thomas S. Neuberger, P.A., Wilmington, Del., Robert T. Vance, Jr. of Brown Vance Jackson & Smith, Philadelphia, Pa., for plaintiff.

Mark L. Reardon of Elzufon Austin & Drexler, Wilmington, Del. (Kathleen Furey McDonough of Potter Anderson & Corroon, Wilmington, Del., of counsel), for defendant.

## MEMORANDUM OPINION

FARNAN, District Judge.

### INTRODUCTION

On March 29, 1987, Plaintiff Rochelle Hall filed a charge of discrimination against the Delaware Council on Crime and Justice (DCCJ) with the Equal Employment Opportunity Commission (EEOC). The EEOC dismissed Plaintiff's claim on June 30, 1989 because it lacked jurisdiction over DCCJ because DCCJ did not fit within the definition of "employer" under 42 U.S.C. § 2000e (or Title VII). However, the EEOC advised Plaintiff of her right to sue her former employer in United States District Court within 90 days from the receipt of the right-to-sue notice. On September 28, 1989, Plaintiff filed a timely Complaint

in the District Court for the Eastern District of Pennsylvania alleging employment discrimination and wrongful discharge. Defendant Delaware Council on Crime and Justice (DCCJ) filed a motion to dismiss based on lack of personal jurisdiction, improper venue, ineffective service of process, failure to state a claim and lack of subject matter jurisdiction over pendent claims.

Plaintiff then filed an Amended Complaint, on March 29, 1990, adding claims based on 42 U.S.C. § 1981, 42 U.S.C. § 1985, and various state and common law claims. Defendant responded by filing a second motion to dismiss which addressed the new claims.

The District Court for the Eastern District of Pennsylvania issued an Order, dated November 13, 1990, transferring this action to the District Court for the District of Delaware. The Eastern District transferred the case because the court concluded it lacked personal jurisdiction over DCCJ.

After transfer of this case to the District of Delaware, Plaintiff voluntarily dismissed the claims based on 42 U.S.C. § 1981 and 42 U.S.C. § 1985. However, Defendant's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) remains before the Court. In addition, Defendant has filed a Motion for Judgment on the Pleadings.

DCCJ raises three issues in its Opening Brief in support of its Motion to Dismiss. First, DCCJ contends that Hall's claim under 42 U.S.C. § 2000e should be barred as a matter of law because DCCJ does not meet the statutory definition of employer. DCCJ alleges that during the relevant time period it employed nine or fewer employees, whereas the definition of employer for Title VII purposes requires fifteen employees. Second, DCCJ contends that because no federal claim exists in this case, the Court should exercise its discretion to dismiss the pendent state law claims. Third, DCCJ asserts that Hall never effected proper service of the Complaint upon DCCJ because she improperly served DCCJ by certified mail without satisfying the requirements of Federal Rule of Civil Procedure 4(c)(2)(C)(ii), Rule 4(e), or Pennsylvania's long-arm statute, 42 Pa.C.S.A. § 5322.

Plaintiff's Answering Brief argues that Defendant's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) should be treated as a motion for summary judgment because Defendant submitted material outside its pleadings in support of its motion. Further, Plaintiff asserts that the Court should not decide the motion without allowing Plaintiff to conduct discovery into the factual issue of whether DCCJ is a statutory employer under Title VII. Plaintiff contends that DCCJ could meet the fifteen-employee requirement if: (1) either certain volunteers are considered employees based on the receipt of fringe benefits or (2) if DCCJ and the United Way, an umbrella organization for sixty non-profit organizations, are considered a "single employer."

## DISCUSSION

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be considered a motion for summary judgment if material outside the pleadings is submitted in support of the motion. Fed.R.Civ.P. 12(b)(6). In this case, Defendant relied on an affidavit to support its Motion to Dismiss. Therefore, the Court will treat this motion as a motion for summary judgment.

### A. Summary Judgment Standard

Summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is not genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party is entitled to judgment as a matter of law if there exists no genuine issue as to any material fact. *Id.* A "genuine issue" exists if a reasonable jury could return a verdict for the non-moving party based on the evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Only disputes over facts that "might affect the outcome of the suit under the governing law" con-

stitute "material facts" capable of defeating summary judgment. *Id.*

■ The moving party must show the insufficiency of proof of the elements of the non-moving party's case. *Houser v. Fox Theatres Management Corp.*, 845 F.2d 1225, 1229 (3d Cir.1988). Once the moving party discharges his burden, the non-moving party "may not rest upon the mere allegations or denials of his pleading." *Liberty Lobby*, 477 U.S. at 248, 106 S.Ct. at 2510 (quoting Fed.R.Civ.P. 56(e)). The non-moving party "must set forth specific facts showing that there is a genuine issue for trial." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (quoting Fed.R.Civ.P. 56(e)).

■ The court should resolve any doubts regarding the existence of genuine issues of fact against the moving party. *Chipollini v. Spencer Gifts, Inc.*, 814 F.2d 893, 900 (3rd Cir.), *cert. dismissed*, 483 U.S. 1052, 108 S.Ct. 26, 97 L.Ed.2d 815 (1987). Furthermore, any justifiable inferences drawn from the underlying facts should be viewed in favor of the non-moving party. *Id.*

■ On a summary judgment motion, the court should merely determine whether a genuine issue of fact for trial exists or whether the evidence is so one-sided that one party should prevail as a matter of law. *Liberty Lobby*, 477 U.S. at 251–252, 106 S.Ct. at 2511–2512.

### B. Title VII definition of employer

Plaintiff claims that a genuine issues of fact exists regarding DCCJ's status as an "employer" under Title VII. Section 2000e(b) of Title 42 of the United States Code defines an "employer" as:

[A] person engaged in an industry effecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year....

42 U.S.C. § 2000e(b). Defendant DCCJ argues that it is entitled to judgment as a matter of law because the statutory section, 42 U.S.C. § 2000e, under which Plain-

tiff has brought this action does not extend jurisdiction over an employer with less than fifteen employees. Defendant alleges that, during the period in which Rochelle Hall was employed at DCCJ, it had nine or less employees.

■ Plaintiff has argued that summary judgment should not be granted in this case because the question of whether DCCJ is an "employer" raises a genuine issue of material fact. Plaintiff contends that the issue cannot be resolved until she has an opportunity to conduct discovery regarding the number of "employees" at DCCJ. Ms. Hall asserts that DCCJ has a number of volunteers which may be considered employees because they receive certain fringe benefits and reimbursement for expenses. Ms. Hall specifically refers to a fringe benefit involving free admittance of volunteers to an annual luncheon.

The District Court for the Eastern District of Pennsylvania has held that volunteers do not constitute employees for Title VII purposes. *Smith v. Berks Community Television*, 657 F.Supp. 794 (1987). Title VII protects against illegal discrimination against individuals in the compensation, terms, conditions or privileges of employment. *Id.*

In this case, Plaintiff has alleged that reimbursement for some work-related expenses and free admittance to an annual luncheon constitute compensation significant enough to raise a volunteer to the status of an employee. Even if Plaintiff's factual contentions are correct, the Court concludes that the "remuneration" received by the DCCJ volunteers is insufficient to consider these volunteers employees for purposes of Title VII.

■ As indicated previously, Plaintiff also contends that a genuine issue of material fact exists as to whether DCCJ and the United Way of Delaware should be considered a single employer. Plaintiff asserts that independent entities may be regarded as a single employer for Title VII purposes upon a showing of interrelation of operations, centralized control of labor relations, common management and common

ownership or financial control. Plaintiff's Answering Brief, p. 7 (citing *Saulsberry v. Atlantic Richfield Co.*, 673 F.Supp. 811 (N.D.Miss.1987)). Plaintiff asserts that discovery is necessary to determine the "single employer" issue. In support of the argument that DCCJ and the United Way of Delaware may be considered a single employer, Plaintiff asserts that DCCJ receives "the majority of its funding for operations" from the United Way of Delaware. Further, Plaintiff argues that United Way funded Ms. Hall's position entirely and approved DCCJ's personnel policies. Defendant counters, in its Reply Brief, that none of the tests for single employer status are satisfied under the facts asserted by Plaintiff. Specifically, Defendant contends that the United Way of Delaware serves as an umbrella organization for 60 nonprofit organizations, including DCCJ but that DCCJ is administratively separate from the United Way.

Assuming Plaintiff could establish, through discovery, the alleged funding relationship, the Court concludes that Plaintiff cannot establish an interrelation of operations between DCCJ and the United Way to support a factual finding of single employer status. The cases Plaintiff uses to support her claim that DCCJ and the United Way of Delaware may be a single employer all deal with commercial corporations, particularly the relationship between a parent and subsidiary. The obvious purpose of viewing two commercial corporations as a single employer for Title VII purposes is to preserve the remedial goals of the statute and disallow intentional exclusion from the statute by the deceptive creation of two separate entities. *Armbruster v. Quinn*, 711 F.2d 1332 (6th Cir. 1983). As stated by the Court of Appeals for the Sixth Circuit:

> [T]he most important requirement is that there be sufficient indicia of an interrelationship between the immediate corporate employer and the affiliated corporation to justify the belief ... that the affiliated corporation is jointly responsible for the acts of the immediate employer.

*Armbruster*, 711 F.2d at 1337. A non-profit organization which receives substantial funding from an umbrella organization holds a position distinct from that of a subsidiary and parent corporation in a commercial context. It is unlikely that DCCJ's creation as an organization separate from the United Way is an intentional evasion of Title VII enforcement. Clearly, the funding of DCCJ and other non-profit organizations by the United Way does not justify the conclusion that the organizations are a single employer for the purposes of Title VII. In sum, the Court concludes that DCCJ and United Way of Delaware could not reasonably be viewed as a single employer for Title VII purposes.

### C. Pendent State Claims

■ The Court has the discretion to exercise jurisdiction over common law and state law claims when "the state and federal claims arose from the same nucleus of operative fact...." *United Mine Workers v. Gibbs*, 383 U.S. 715, 728, 86 S.Ct. 1130, 1140, 16 L.Ed.2d 218 (1966). The Supreme Court of the United States did state in *Gibbs*, however, that "if the federal claims are dismissed before trial, ..., the state claims should be dismissed as well." *Id.* at 726, 86 S.Ct. at 1139. The Court of Appeals for the Third Circuit has also concluded that courts should refrain from exercising jurisdiction over pendent state claims when a federal claim is subject to dismissal or may be disposed of in a motion for summary judgment. *Cito v. Bridgewater Tp. Police Department*, 892 F.2d 23, 25 (3d Cir.1989) (citing *Tully v. Mott Supermarkets, Inc.*, 540 F.2d 187, 196 (3d Cir.1976)).

Because the Court has disposed of the federal claim by granting summary judgment before trial, the Court will not exercise jurisdiction over Plaintiff's pendent state and common law claims in this case.

### CONCLUSION

For the reasons discussed above, the Court will grant summary judgment in favor of Defendant DCCJ with respect to the Title VII claim and will not exercise juris-

diction over pendent state and common law claims.

An appropriate order will be entered.