CITY OF FORT CALHOUN, A MUNICIPAL CORPORATION, AND THE FORT CALHOUN VOLUNTEER FIRE DEPARTMENT, APPELLEES, V. TARI COLLINS AND JUDY WHITE, APPELLANTS.
TARI COLLINS AND JUDY WHITE, APPELLANTS, V. CITY OF FORT CALHOUN, A MUNICIPAL CORPORATION, ET AL., APPELLEES.

500 N.W.2d 822

Filed June 4, 1993.    Nos. S-90-761, S-90-1030.

Ralph E. Peppard for appellants.

Lawrence R. Brodkey, of Brodkey Law Offices, and James M. Egr, of Egr & Birkel, for appellees.

Dennis E. Koley for amicus curiae Nebraska State Volunteer Firefighters Association.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, and FAHRNBRUCH, JJ.

BOSLAUGH, J.

These cases, which were consolidated in this court for briefing and argument, present the question of whether volunteer firefighters are employees within the meaning of the Nebraska Fair Employment Practice Act.

Case No. S-90-761 began as a proceeding before Nebraska's Equal Opportunity Commission (Commission) upon complaints filed by Tari Collins and Judy White, whose applications for membership in the Fort Calhoun Volunteer Fire Department (Volunteer Fire Department) were denied. The complainants alleged that they had been refused membership because they were women.

After a lengthy hearing before an examiner, the Commission found in favor of the complainants. Upon appeal to the district court, the court found that the Commission lacked subject matter jurisdiction and that the order of the Commission was not supported by the preponderance of the evidence, and the court reversed the order of the Commission. From that judgment, the complainants have appealed to this court.

We review the appeal from the judgment of the district court reversing the order of the Commission de novo on the record. *McCamish v. Douglas Cty. Hosp.*, 237 Neb. 484, 466 N.W.2d 521 (1991).

Case No. S-90-1030 was an action in the district court filed by the complainants against the City of Fort Calhoun, Nebraska (City); the Fort Calhoun Rural Fire Protection District (Fire District); and the Fort Calhoun Fire and Rescue Department, also known as the Fort Calhoun Volunteer Fire Department, seeking injunctive relief and damages for sex discrimination pursuant to 42 U.S.C. § 1983 (1988). The case actually originated as a counterclaim in another action brought

by the City against the Commission. The complainants obtained permission to sever their counterclaim and docket it separately as an independent action. The fifth amended petition filed by the complainants also contained allegations that the complainants "have a proprietary interest in membership in said Volunteer Fire Department"; that the members of the Volunteer Fire Department are agents of the City and the Fire District; and that the members of the Volunteer Fire Department conspired to deny the complainants membership in the department because of their sex, which denied the complainants equal protection under the law. The trial court sustained demurrers to the fifth amended petition and dismissed the petition. From that judgment, the complainants have appealed.

The controlling issue in these cases is whether a volunteer firefighter is an employee.

The Volunteer Fire Department is an unincorporated association of volunteer firefighters and rescue squad personnel. It serves the City and the Fire District. The members of the Volunteer Fire Department receive no pay for their services.

The City is a municipal corporation and a city of the second class. It has no separate or organic fire department, nor has it authorized one. An interlocal cooperation agreement between the City and the Fire District relates to joint use of a fire station being constructed in Fort Calhoun to house equipment owned by the City and the Fire District and used by the Volunteer Fire Department. The City is required by statute to provide workers' compensation insurance and term life insurance for the members of the Volunteer Fire Department; however, the City has no right or authority to control the activities of the Volunteer Fire Department.

The complainants, Collins and White, along with Randy Hammon, applied for membership in the Volunteer Fire Department in November 1986. In December 1986, the members of the Volunteer Fire Department voted on the applications, and all three applicants were denied membership because none of them received the required two-thirds majority of the members voting at that meeting.

At the time of Collins' and White's applications, the Volunteer Fire Department had more than 15 volunteer firefighters on its rolls for each day of 20 or more calendar weeks for 1986 and 1985.

Collins and White were the first and only women who had ever applied for membership in the Volunteer Fire Department. They both admitted that election to membership in the Volunteer Fire Department is a "popularity contest" and that they neither suffered nor sustained any economic harm from their failure to be elected to membership.

The record shows a variety of reasons as to why the members did not vote in favor of Collins' and White's membership in the Volunteer Fire Department.

Following its review of the Commission's decision, the district court found that the Commission did not have subject matter jurisdiction, that the Nebraska Fair Employment Practice Act was not intended to include within its coverage unpaid volunteers or the volunteer organizations to which they belong, and that the recommended orders of the successor hearing examiner for the Commission were not supported by a preponderance of the evidence because the selection process of the Volunteer Fire Department in the appellants' case was the same as the procedure followed for other applicants and was not based upon gender or discriminatory practice, but was merely a "popularity contest."

The appellants assign as error the district court's (1) reversing the Commission's order, (2) determining that the Commission did not have subject matter jurisdiction, (3) determining that benefits received by the volunteer firefighters do not confer economic benefits upon the recipients, (4) finding that the appellants did not prove sexual discrimination by a preponderance of the evidence, (5) not reversing the order and remanding the matter back to the Commission for a determination of the appellants' entitlement to punitive damages, and (6) not limiting its review to a review for error on the record.

Since we believe that the controlling issue in these cases is whether a volunteer firefighter is an employee within the meaning of the statutes involved, we limit our discussion to that

issue and the matter of the statute of limitations.

The Nebraska Fair Employment Practice Act provides in part:

> It shall be an unlawful employment practice for an employer:
>
> (1) To fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, disability, marital status, or national origin.

Neb. Rev. Stat. § 48-1104 (Reissue 1988).

"Employer" is defined as a "person engaged in an industry who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." Neb. Rev. Stat. § 48-1102(2) (Reissue 1988). Governmental agencies and political subdivisions are considered employers under the statute regardless of the number of employees. *Id*. According to the statutory definition, an employee is "an individual employed by an employer." § 48-1102(6).

Since the Nebraska Fair Employment Practice Act is patterned after title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (1988), it is appropriate to consider federal court decisions construing the federal legislation. *Airport Inn v. Nebraska Equal Opp. Comm.*, 217 Neb. 852, 353 N.W.2d 727 (1984).

A number of U.S. district courts have considered the question as to whether title VII protection extends to volunteers and have determined that volunteers are not employees under the act. See, *Tadros v. Coleman*, 717 F. Supp. 996 (S.D.N.Y. 1989); *E.E.O.C. v. Pettegrove Truck Service, Inc.*, 716 F. Supp. 1430 (S.D. Fla. 1989); *Schoenbaum v. Orange Cty. Ctr. for the Performing Arts*, 677 F. Supp. 1036 (C.D. Cal. 1987); *Smith v. Berks Community Television*, 657 F. Supp. 794 (E.D. Pa. 1987); *Beverley v. Douglas*, 591 F. Supp. 1321 (S.D.N.Y. 1984).

In *Berks Community Television*, the court found that volunteers who received no direct or indirect financial benefit, fringe benefits, or reimbursement for expenses and who

contributed assistance on a purely voluntary basis were not employees within the meaning of title VII. The *Berks Community Television* case was an action in which the plaintiff alleged that the defendants had discriminated against the plaintiff in violation of the Civil Rights Act of 1964. The court sustained a motion to dismiss on the ground that the court lacked subject matter jurisdiction.

In its opinion, the court reviewed the authorities and pointed out that "[t]he legislative history indicates the objective of Title VII was the elimination of discrimination in employment." *Smith v. Berks Community Television*, 657 F. Supp. at 795. The court further stated:

> In determining whether an individual is an employee for Title VII purposes, "one must examine the economic realities underlying the relationship between the individual and the so-called principal in an effort to determine whether that individual is likely to be susceptible to the discriminatory practices which the act was designed to eliminate." *Armbruster* [*v. Quinn*], 711 F.2d 1332, 1340 [(6th Cir. 1983)].
>
> Unpaid volunteers are not susceptible to the discriminatory practices which the Act was designed to eliminate.

*Smith v. Berks Community Television*, 657 F. Supp. at 795.

In the present cases, the appellants argue that because the Volunteer Fire Department reimburses its members for emergency medical technician training and because the members are provided workers' compensation insurance and term life insurance by the City, the reasoning of the *Berks Community Television* court is inapplicable.

The insurance coverage for the members of the Volunteer Fire Department is required by statute to protect the members during the course of their service. The compensation insurance only covers injury or death while they are on a call for the Volunteer Fire Department. In *Versarge v. Township of Clinton New Jersey*, 984 F.2d 1359 (3d Cir. 1993), the U.S. Court of Appeals for the Third Circuit held that training and workers' compensation insurance did not give a volunteer firefighter a property interest in his membership in the volunteer fire

department that was protected by due process because there was no benefit from them unless one was injured while working as a volunteer firefighter.

In *Hall v. Delaware Council on Crime and Justice*, 780 F. Supp. 241 (D. Del. 1992), the plaintiff argued that volunteers who received reimbursement for some expenses associated with their volunteer work should be considered employees for title VII purposes. The court concluded that the " 'remuneration' received by the DCCJ volunteers is insufficient to consider these volunteers employees for purposes of Title VII." *Hall v. Delaware Council on Crime and Justice*, 780 F. Supp. at 244.

In these cases, the Volunteer Fire Department does not fall within the definition of "employer" because it does not have any employees. The insurance covering the members of the Volunteer Fire Department and the reimbursement they receive for emergency medical technician training are insufficient to change their status from volunteers to employees for purposes of the Nebraska Fair Employment Practice Act.

The appellants argue that even if the Volunteer Fire Department is not an employer for purposes of the act, the City is, and, therefore, the Commission had jurisdiction of their claims. The City is an employer only for purposes of furnishing workers' compensation benefits. The members of the Volunteer Fire Department do not qualify as employees so that they may bring a claim under the statute.

In *Tadros v. Coleman*, 717 F. Supp. 996, 1004 (S.D.N.Y. 1989), the U.S. District Court for the Southern District of New York held that a volunteer is not an employee and thus cannot maintain an action under title VII because "[a] Title VII plaintiff is only an 'employee' if the defendant both pays him and controls his work." In the present cases, it is clear that the City neither pays the members of the Volunteer Fire Department nor controls their work.

The district court was correct in its determination that the Commission lacked subject matter jurisdiction to hear the appellants' claim.

It is unnecessary to consider the complainants' other assignments of error relating to the district court's reversal of the Commission's order.

In the action for injunctive relief and damages in the district court, the petition was dismissed after the district court had sustained the appellees' demurrers to the appellants' fifth amended petition and the appellants failed to plead further.

In that case, the appellants' original petition was filed on October 5, 1988. In their fifth amended petition, the appellants alleged three causes of action for violations of 42 U.S.C. §§ 1981, 1983, 1985, and 1986 (1988).

The appellees demurred on the basis that the first cause of action failed to state sufficient facts to state a cause of action and that the second and third causes of action were barred by the statute of limitations and failed to state sufficient facts to state a cause of action.

The district court found that the complainants had not alleged a legally protected right; that the various items alleged in paragraph 9 of the complainants' fifth amended petition did not constitute compensation, nor did the loss of any of those items constitute any pecuniary loss to the complainants; and that the causes of action were barred by the statute of limitations.

The appellants assign as error the district court's sustaining the appellees' demurrers, its findings, and its consideration of facts not alleged on the face of the petition.

For their first cause of action in the fifth amended petition, the complainants allege that they were denied employment by the appellees on the basis of sexual discrimination, suffered the loss of compensation and benefits associated with being a volunteer firefighter, suffered loss of reputation, suffered loss of personal dignity, and suffered mental anguish, in violation of §§ 1981 and 1983. The complainants' alleged loss of compensation consisted of life insurance, health insurance, reimbursement for expenses, and specialized skill and training.

As the district court found and as we have stated above, the complainants' alleged damages are not pecuniary in nature because the utility and value of the alleged benefits are tied directly to the position of a volunteer firefighter. See *Versarge v. Township of Clinton New Jersey, supra.* Furthermore, the U.S. Court of Appeals for the Ninth Circuit has held that volunteer status is not a constitutionally protected property interest.

*Hyland v. Wonder*, 972 F.2d 1129 (9th Cir. 1992).

The district court did not err in its findings and in sustaining the appellees' demurrers to the first cause of action.

The complainants' second and third causes of action allege that the appellees conspired to deprive the complainants of their right to equal protection under the law pursuant to §§ 1985 and 1986.

Section 1986 provides a 1-year statute of limitations for an action for conspiracy to deprive another of his or her constitutional rights. The district court found and the complainants admit in their brief that since the first petition was filed October 5, 1988, the second and third causes are barred by the statute of limitations because the vote denying the complainants membership in the Volunteer Fire Department took place on December 11, 1986, as alleged in the fifth amended petition.

The district court did not err in sustaining the demurrers to the second and third causes of action on the ground that they were barred by the statute of limitations.

The complainants also contend that the district court improperly considered evidence pertaining to their claims before the Commission in sustaining the demurrers. There is nothing in the record which shows that the district court's decision to sustain the demurrers was based on anything other than what was alleged on the face of the fifth amended petition. Since we have previously determined that the district court's decision to sustain the appellees' demurrers was proper, this argument is without merit.

The judgment of the district court reversing the order of the Commission and the judgment dismissing the fifth amended petition are affirmed.

AFFIRMED.

LANPHIER, J., not participating.

CAPORALE, J., concurring.

So far as I can determine from the record, a member of the Fort Calhoun Volunteer Fire Department need not die in the course of performing firefighting duties in order for the beneficiary to become entitled to the proceeds of the term life

insurance policy with which the member is provided. I thus disagree with the majority's conclusion that providing members such insurance coverage does not constitute compensation for services rendered. See *E.E.O.C. v. Pettegrove Truck Service, Inc.*, 716 F. Supp. 1430 (S.D. Fla. 1989) (on motion for summary judgment, members of family business not receiving salary but assumed to receive other unspecified forms of support from operation of business determined to be employees).

However, because the City of Fort Calhoun, the entity which pays that compensation, has no right to control the activities of those members, I agree with the majority's determination that the city is not the members' employer. See *Erspamer Advertising Co. v. Dept. of Labor*, 214 Neb. 68, 333 N.W.2d 646 (1983) (generally, control or right of control chief criterion in determining whether one is an employee).

Moreover, at least so far as the record is concerned, the Fort Calhoun Rural Fire Protection District, the entity which along with the city levies the taxes which fund the volunteer department, see Neb. Rev. Stat. §§ 35-106 and 35-502 (Reissue 1988), does not have the right to control the members' activities. Thus, neither is the protection district the members' employer.

The remaining party, the Fort Calhoun Fire and Rescue Department, appears from the record to be nothing more than a name applied to a group of members who function as providers of emergency firefighting and medical services.

Thus, the members have no employer, and, accordingly, they cannot be employees. It may seem anomalous indeed that our statutes permit a group whose activities are funded with public monies to be responsible to no one but itself, but such is the situation. For that reason, I agree with the majority's judgment.

WHITE, J., joins in this concurrence.