REQUESTED BY: Mr. Alfonza Whitaker, Executive Director Nebraska Equal Opportunity Commission
You have requested an Attorney General's Opinion which addresses the issue of whether the State of Nebraska is considered the employer of a state employee or whether the individual state department, board, or commission is considered the employer under the Nebraska Fair Employment Act.
This issue arose when the Nebraska Equal Opportunity Commission received guidance from the Equal Employment Opportunity Commission which said that the employer is the State of Nebraska and that a review of all open positions across all state agencies must be conducted when attempting to assign a disabled state employee to a different position as a reasonable accommodation under the Nebraska Fair Employment Practice Act.
It is not clear whether Nebraska courts would consider the State of Nebraska to be a state employee's "employer" for the purpose of providing reasonable accommodation under the Nebraska Fair Employment Act. Nebraska courts have not yet construed the definition of "employer" in this context. However, several federal appeals courts have considered this issue and if Nebraska courts adopt an approach similar to that of the federal courts, it is likely that the individual state agency, board, or commission would be considered a state employee's employer under the Nebraska Fair Employment Practice Act.
The Nebraska Fair Employment Practice Act, Section 48-1102(2) (1998), defines an "employer" as:
 [a] person engaged in an industry who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, any agent of such person, and any party whose business is financed in whole or in part under the Nebraska Investment Finance Authority Act regardless of the number of employees and shall include the State of Nebraska, governmental agencies, and political subdivisions . . . (Emphasis added).
Nebraska courts have not specifically discussed the definition of "employer" as it applies to state employees and the Nebraska Fair Employment Practice Act. However, in City of FortCalhoun v. Collins, 243 Neb. 528, 500 N.W.2d 822 (1993), the Nebraska Supreme Court stated that "[g]overnmental agencies and political subdivisions are considered employers under the [Nebraska Fair Employment Practice] Act regardless of the number of employees." This statement could be interpreted to mean that for purposes of employment and the Nebraska Fair Employment Practice Act, state agencies and political subdivisions are considered to be the "employer," and not the State of Nebraska as a whole.
Because the Nebraska Fair Employment Practice Act is patterned after Title VII of the Civil Rights Act of 1964, "it is appropriate to consider federal court decisions construing the federal legislation." Bluff's Vison Clinic v. Krzyzanowski,251 Neb. 116, 121, 555 N.W.2d 556 (1996). There are several federal cases that suggest that for purposes of the Nebraska Fair Employment Practice Act, state agencies, boards, and commissions, and not the State of Nebraska as a whole, should be considered to be the "employer."
In Lyes v. City of Riveria Beach, Florida, 166 F.3d 1332
(11th Cir. 1999), the Eleventh Circuit Court of Appeals held that when deciding whether multiple governmental entities are to be considered a single employer under Title VII, courts must begin with the presumption that governmental subdivisions that are denominated as separate and distinct under state law should not be aggregated for purposes of Title VII. Lyes at 1345. According to the court, that presumption can be rebutted by evidence which establishes that a government entity was structured with the purpose of avoiding the reach of federal employment discrimination law. Id. Absent a showing of an evasive purpose, the presumption against aggregating separate governmental entities will control the inquiry, unless this presumption is clearly outweighed by factors strongly indicating that the government entities are so closely interrelated with respect to control of the employment relationship that they should be counted as one employer under Title VII. Id. The court went on to say that the standard it adopted was whether a finder of fact could reasonably conclude that the plaintiff had clearly overcome this presumption. Id.
According to the court:
 The adverb `clearly' . . . is meant to be limiting. It is a thumb on the scale, and sometimes it will be decisive because federalism concerns should sometimes be decisive. Absent evidence of evasive purpose, in order to survive a motion for summary judgment, a plaintiff will have to show that a reasonable fact finder could conclude that the presumption to distinctness is clearly outweighed.
Lyes, 166 F.3d at 1345-46.
The court in Lyes further discussed the factors to examine when determining who is the "employer" under Title VII:
 Several factors will guide our determination of whether the presumption in favor of the distinctness of the public entities is clearly outweighed — or at the summary judgment stage, whether a finder of fact could reasonably conclude that it is clearly outweighed . . . [F]actors of `interrelation of operations' and `centralized control of labor operations' may continue to be helpful in the inquiry. Useful `indicia of control' may be drawn from the agency context, including `the authority to hire, transfer, promote, discipline or discharge; the authority to establish work schedules or direct work assignments; and the obligation to pay or the duty to train the charging party.'
Id., at 1345 (quoting Oaks v. City of Fairhope, Ala., 515 F. Supp. 1004,1035 (S.D.Ala. 1981).
In Lewis v. McDade, 54 F. Supp.2d 1332 (N.D.Ga. 1999), the court applied the reasoning from Lyes, supra. In this case, the plaintiffs claimed that because they sued the defendant in his official capacity as Douglas County District Attorney, the State of Georgia was actually the "employer." Applying the standard used in the Lyes case, the court ruled that the District Attorney's office should be treated as a separate entity for purposes of Title VII. Id. at 1341-42. The court noted that:
 Defendant McDade's office was essentially autonomous. He had total control over hiring, transfers, promotions, discipline, and discharges. There is no evidence that this structure was created for the purpose of evading federal employment discrimination law. The Court finds that Plaintiffs have failed to show that a reasonable fact finder could conclude that the presumption of distinctness is clearly outweighed. Therefore, the office of the Douglas County District Attorney should be treated as a separate entity for Title VII purposes.
Id. at 1341-42.
 In Walker v. Boys and Girls Clubs of America, 38 F. Supp.2d 1236
(M.D.Ala. 1999), the district court explained that:
 States are not the equivalent of corporations or companies, and local government bodies are not the same as subsidiaries. While governmental subdivisions such as counties, towns, or local agencies may share sources of ultimate political control or funding, they may be wholly distinct with respect to their day-to-day operations or control over employees.
Id. at 1330 (quoting Lyes, 166 F.3d at 1342).
The Seventh Circuit Court of Appeals, in the case of Hearnev. Board of Educ. of the City of Chicago, 185 F.3d 770, 777 (7th Cir. 1999), held:
 Title VII actions must be brought against the `employer.' In suits against state entities, that term is understood to mean the particular agency or part of the state apparatus that has actual hiring and firing responsibility. Neither the Governor's office, the State of Illinois as a whole, or the IELRB is the `employer' for Title VII purposes of any of these plaintiffs.
Id. at 777 (citing EEOC v. State of Illinois, 69 F.3d 167, 171-72
(finding that local school districts, not the State of Illinois, are the `employers' of public school teachers in Illinois for purposes of Title VII.)).
The Ninth Circuit Court of Appeals came to a similar conclusion in Association of Mexican-American Educators v. Stateof Cal., 195 F.3d 465 (9th Cir. 1999), in which it held:
 The parties and the lower court agree that teachers are `employees' of the various school districts, rather than employees of the State . . . As such, we cannot agree that the State is the `employer' in this instance. We recognize that school districts in California are instrumentalities of the State, but we view the relationship between school districts and the State as analogous to the parent/subsidiary relationship. It is well established that a parent company will not usually be considered the `employer' under Title VII for the employees of its subsidiary. It is likewise well established in California that the school districts, although exercising a portion of the state's power of government, are not the state or a part of the state.
Id. at 482-83 (citations omitted).
It should be noted that the North Dakota District Court reached a conclusion that differs from the decisions of the previously mentioned courts, in the case of Thomson v. Olson,866 F. Supp. 1267 (D.N.D. 1994). In that case, the court stated that:
 [T]he proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming those supervisory employees delegated employer's traditional rights or by naming the employer directly. In the present instance, Thomson may only bring a Title VII claim against Mary Hawkins, . . . the President of the University, in their official capacities, and the State of North Dakota.
Id. at 1271.
The Constitution of the State of Nebraska, Article VI, Section I states that "subject to the provisions of the Constitution, the heads of the various executive or civil departments should have the power to appoint and remove all subordinate employees in the respective departments." Further, state agencies that are created by statute have the authority to hire and transfer agency employees. For instance, Neb. Rev. Stat. Section 48-1116 (1998) provides that:
 The [Nebraska Equal Opportunity] [C]ommission shall appoint an executive director who shall be directly responsible to the commission. The executive director may appoint such assistants, clerks, agents, and other employees as such executive director may deem necessary, fix their compensation within the limitations provided by law, and prescribe the duties of such employees. The executive director may appoint additional staff as the commission deems necessary.
Applying the standards set forth in the Lyes case, one can conclude that, absent evidence to indicate that state agencies, boards, and commissions were structured with the purpose of evading the reach of federal employment discrimination law, sufficient "indicia of control" exist to support the presumption of their distinctness, as applied to the definition of "employer" under the Nebraska Fair Employment Practice Act.
In conclusion, because Nebraska courts have not yet addressed this issue as it applies to the Nebraska Fair Employment Practice Act, it is not entirely clear whether the State of Nebraska or individual state agencies, boards, and commissions should be considered the "employer" under the Act. However, the Nebraska Supreme Court has stated that because the Nebraska Fair Employment Practice Act is patterned after Title VII of the Civil Rights Act of 1964, it is therefore appropriate to consider federal court decisions construing federal legislation when confronted with issues that arise under the Nebraska statute. An examination of the federal cases which address the issue of the definition of "employer" supports the conclusion that individual state departments, boards, and commissions can be considered the employer under the Nebraska Fair Employment Act.
Sincerely,
 DON STENBERG Attorney General
 Suzanna Glover-Ettrich Assistant Attorney General
APPROVED BY: __________________________________
Attorney General 33-92-5