Irene **PANTCHENKO**,
Plaintiff-Appellant,

v.

**C. B. DOLGE COMPANY, INC.**,
Defendant-Appellee.

No. 782, Docket 77–7534.

United States Court of Appeals,
Second Circuit.

Argued March 27, 1978.
Decided August 15, 1978.

---

Irene Pantchenko, pro se.

Robert L. Julianelle, Westport, Conn. (Leonard A. Schine, Schine, Julianelle, Karp & Bozelko, P.C., Westport, Conn., of counsel), for defendant-appellee.

Before FEINBERG, MANSFIELD and OAKES, Circuit Judges.

PER CURIAM:

Irene Pantchenko appeals from two judgments entered by the District of Connecticut, Jon O. Newman, Judge, dismissing two separate actions instituted by her against her former employer, C. B. Dolge Co., a Connecticut manufacturer of floor polishes, detergents, aerosol and cleaning products, which had employed her as a chemist.

Appellant's first action, No. 15,581, filed on August 17, 1973, alleged that Dolge, in violation of both Title VII of the 1964 Civil Rights Act, 42 U.S.C. §§ 2000e, *et seq.*, and the Equal Pay Act, 29 U.S.C. § 206, had discriminated against her in terms of employment conditions and pay because of her sex, and had subjected her to verbal and physical abuse, assaults and improper sexual advances. Her second action, No. B–74–251, filed on July 1, 1974, alleged that in violation of Title VII Dolge, after she had left its employ in January, 1971, had refused to give her a letter of recommendation and had made disparaging and untrue statements about her to her prospective employers, all in retaliation for her filing with the Equal Employment Opportunities Commission an employment discrimination charge against it. In the first action appellant sought $150,000 damages, declaratory and injunctive relief, and in the second $50,-000 damages plus attorney's fees and other appropriate relief.

After consolidation of the two actions, Judge Newman, on June 10, 1976, granted Dolge's motion for summary judgment in the second suit, No. B–74–251, on the ground that since appellant was no longer a Dolge employee when the retaliation allegedly occurred, the conduct did not fall "within the purview" of Title VII, which deals with acts of employers and does not expressly prohibit an employer from refusing to furnish a recommendation for future employment, although it explicitly prohibits an employment agency or a labor organization from refusing to refer a person for employment. Simultaneously Judge Newman denied Dolge's motion for summary judgment dismissing the first action, No. 15,581, and after a non-jury trial of this suit he, on September 21, 1977, filed a Memorandum Decision in which he made detailed findings of fact to the effect that appellant's claims were not supported by persuasive evidence and awarded judgment on the merits in favor of Dolge.

## DISCUSSION

### Action No. 15,581

Having alleged violations of Title VII by Dolge, appellant assumed the burden in the district court of adducing sufficient evidence to make out a prima facie case of discrimination. Upon this appeal, moreover, Judge Newman's findings may be set aside only upon a showing that they are "clearly erroneous," Rule 52(a), F.R. Civ.P. No such showing has been made by appellant. On the contrary, the trial judge's findings are amply supported by the record, which shows that, although appellant was a competent, conscientious and highly qualified chemist and employed by Dolge as such, she had had no prior experience with floor polishes when she commenced her employment. Thereafter she was not unfairly paid in comparison to male employees doing comparable work, after taking into consideration the nature and extent of her education, experience and responsibilities.

Bearing in mind the deference that must be accorded to the trial judge's appraisal of the credibility of the witnesses testifying before him, we cannot label as clearly erroneous his findings that plaintiff had failed to sustain her claims of harassment, assault and sexual molestation by a fair preponderance of the evidence.

The judgment in Action No. 15,581 must therefore be affirmed.

### Action No. B–74,251

Title VII, 42 U.S.C. § 2000e–3 provides in pertinent part:

"It shall be an unlawful employment practice for an employer to discriminate against *any of his employees or applicants for employment* . . . because he has made a charge . . . under this subchapter." (Emphasis supplied).

"Employee" is defined as "an individual employed by an employer." 42 U.S.C. § 2000e(f).

Read literally the foregoing language, which prohibits discrimination by an "employer" against his "employees", may be construed, as it was by the district court, to require that an employment relationship

exist at the time of the challenged conduct. However, such a narrow construction would not give effect to the statute's purpose, which is to furnish a remedy against an employer's use of discrimination in connection with a prospective, present or past employment relationship to cause harm to another. As Learned Hand wisely observed, "[I]t is a commonplace that a literal interpretation of the words of a statute is not always a safe guide to its meaning." *Peter Pan Fabrics, Inc. v. Martin Weiner Corp.*, 274 F.2d 487, 489 (2d Cir. 1960). See also *Federal Deposit Ins. Corp. v. Tremaine*, 133 F.2d 827, 830 (2d Cir. 1943) (L. Hand, C. J.). ("There is no surer guide in the interpretation of a statute than its purpose when that is sufficiently disclosed; nor any surer mark of over solicitude for the letter than to wince at carrying out that purpose because the words used do not formally quite match with it.") With these principles in mind we view the term "employee" as used in the statute as including a former employee. In short, the statute prohibits discrimination related to or arising out of an employment relationship, whether or not the person discriminated against is an employee at the time of the discriminatory conduct.

The foregoing interpretation of the term "employee" as used in § 2000e–3(a) has been adopted by the Tenth Circuit in *Rutherford v. American Bank of Commerce*, 565 F.2d 1162 (10th Cir. 1977), which had not been decided at the time of the district court's decision in this case. See also *Dunlop v. Carriage Carpet Co.*, 548 F.2d 139 (6th Cir. 1977), construing the term "employee" as used in the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3), as including a former employee. We are persuaded by the *Rutherford* court's reasoning and find *Dubnick v. Firestone Tire & Rubber Co. of California*, 355 F.Supp. 138 (E.D. N.Y.1973), cited by Judge Newman and relied upon by Dolge, to be clearly distinguishable. There the court held that a former employer's unfavorable post-employment letters, while possibly relevant to charges of discriminatory conduct during the period of the plaintiff's earlier employment, could not be transformed into additional causes of action when they had not been alleged in the complaint. Here, in contrast, appellant's complaint clearly alleges that Dolge refused to provide her with post-employment reference letters in retaliation for her earlier filing of an employment discrimination charge with the EEOC.

Nor does the Act's use of the word "individual" in prohibiting discrimination by a prospective employer against an applicant for employment or by an employment agency, labor organization, or joint labor-management committee, see 42 U.S.C. §§ 2000e–2, e–3, require that the term "employee" be construed literally or as limited to the present tense rather than in accord with the statute's purpose. An applicant for employment, unlike a former employee, may not be described as an "employee." Similarly, a person seeking employment through an agency is not an employee of the agency any more than a member of a union is an employee of the union. In such cases use of the word "individual" rather than "employee" is more appropriate whereas, once an employment relationship has been created, use of the term "employee" in referring to a former employee, while colloquial, is not inappropriate.

The district court here also based its decision on the ground that an employer's mere refusal to provide an employee with a reference does not violate § 2000e–3. Although this may be true, the complaint here alleges, in addition, that the reference was refused in retaliation for plaintiff's efforts to protect herself against the employer's other discriminatory conduct by filing charges with the EEOC. Proof of such conduct would amount to discrimination of the type prohibited by § 2000e–3.

Accordingly, the judgment in No. B–74–251 is reversed, and the case remanded for further proceedings.

No costs are awarded on these appeals.