REQUESTED BY: Lawrence R. Myers, Executive Director Nebraska Equal Opportunity Commission.
Does an allegation of discrimination when furnishing a job reference for a former employee because he has exercised rights protected under the Fair Employment Practices Act state a cause of action under section 48-1114, R.R.S. 1943 prohibiting retaliation?
Yes.
The Nebraska Fair Employment Practice Act, section48-1114, R.R.S. 1943, reads in pertinent part as follows:
 "It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by sections 48-1101 to 48-1125, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under sections 48-1101 to 48-1125."
The language of this section is strikingly similar to Title VII of the United States Civil Rights Act of 1964 contained at 42 U.S.C. § 2000e-3(a) which reads in pertinent part as follows:
 "It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."
The statutes quoted above prohibit retaliation by an employer for the assertion by an employee of his rights granted under these Acts.
Both the Nebraska Fair Employment Practice Act and Title VII of the Civil Rights Act of 1964 declare it to be an unlawful employment practice generally for an employer to discriminate against any individual with respect to the terms of his employment because of the individual's race, color, religion, sex, or national origin. 48-1104, R.R.S. 1943; 42 U.S.C. § 2000e-2(a).
The Nebraska Supreme Court has not been called upon to address the issues raised by the above question. However, these issues have been addressed and decided by three Federal Circuit Courts. Each of these courts has found that a former employee is included within the term `employee' as that term is used in 42 U.S.C. § 2000e-3(a). Each of the courts has found that discrimination in furnishing a job reference for a former employee may constitute an act of discrimination in violation of 42 U.S.C. § 2000e-3(a).
In the case of Rutherford v. American Bank ofCommerce, 565 F.2d 1162 (10th Circuit 1977), the plaintiff had voluntarily resigned her job as a loan officer trainee with the defendant bank. She then filed an action alleging employment discrimination because of her sex. This action resulted in a judgment for the defendant. Subsequent to filing the first action, she filed a second charge alleging retaliation by the defendant bank by the contents of a job reference it gave to a prospective employer. The evidence was that before she had filed a charge of discrimination, but after she had resigned, the defendant had given her a good recommendation. However, after filing her charge, all job references referred to the fact that she had filed a charge of discrimination. The appellate court affirmed the decision of the trial court, specifically finding that the plaintiff, as a former employee was an `employee' protected by the Act. It further found that the defendant's action regarding the furnishing of a job reference, was a retaliatory act prohibited by 42 U.S.C. § 2000e-3(a).
In the case of Shehadeh v. Chesapeake and PotomacTelephone Company, 595 F.2d 711 (D.C. Cir. 1978) the plaintiff alleged that after her termination, the defendant discriminated against her by untrue adverse job references constituting retaliation for a prior charge of discrimination. The court, in a well reasoned opinion, found that this allegation stated a cause of action under 42 U.S.C. § 2000e-3(a) prohibiting retaliation, even though the employment relationship had terminated prior to the alleged act.
In the case of Pantchenko v. C. B. Dolge Co., Inc.,581 F.2d 1052 (2nd Circuit 1978), the plaintiff alleged that after she had left the defendant's employ, the defendant refused to give her a letter of recommendation and made disparaging and untrue statements about her to prospective employers, all in retaliation for her filing a charge under the Act. The Circuit Court reversed the decision of the trial court which had granted the defendant summary judgment. It held, citing Rutherford v. American Bank of Commerce,supra, that a former employee is an `employee' within the meaning of 42 U.S.C. § 2000e-3(a). Further, the allegation that a former employer refused to provide a job reference in retaliation for a plaintiff's efforts to protect herself against the employer's discriminatory conduct, stated a cause of action for retaliation under 42 U.S.C. § 2000e-3.
Although the three cases described above are not determinative of the questions, they are persuasive. The language of the two statutes is almost identical. The approach and reasoning contained in the cases cited above is compelling and supports our conclusion.