**Manfred ADLER, Plaintiff,**

v.

**JOHN CARROLL UNIVERSITY,**
**Defendant.**

Civ. A. No. C 80–1351.

United States District Court,
N.D. Ohio, E.D.

Sept. 25, 1982.

Joshua J. Kancelbaum, Cleveland, Ohio, for plaintiff.

Robert C. Weber, Cleveland, Ohio, for defendant.

## MEMORANDUM

ANN ALDRICH, District Judge.

Plaintiff Adler, formerly an associate professor of psychology, brings this action pursuant to 42 U.S.C. § 2000e, *et seq.* (Title VII of the Civil Rights Act of 1964, (as amended)) and alleges illegal employment discrimination by defendant John Carroll University (the "University") on the basis of religion. This Court has jurisdiction pursuant to 42 U.S.C. § 2000e–5(f)(3).

■ Pending are the University's (1) Motion for Summary Judgment on Count II of the Complaint; and (2) Motion to Dismiss Plaintiff's Claims for Backpay, Compensatory Damages and Punitive Damages or, in the alternative, Motion for Summary Judgment on such claims. Since the Court relies in part on matters outside the pleadings to decide the issue of backpay, the University's Motion regarding this issue will be treated as one for summary judgment.

The University's Motion for Summary Judgment on Count II is denied; its Motion for Summary Judgment on the issue of backpay is granted; and its Motion to Dismiss Adler's claims for compensatory and punitive damages is also granted.

## I. PENDENT STATE CLAIM

Adler has set forth two counts in his Complaint. Count I alleges a violation of Title VII of the Civil Rights Act of 1964. Count II alleges that the claimed religious discrimination is a breach of Adler's employment contract with the University. The University claims that it is entitled to summary judgment on Count II because Title VII does not give rise to a private contract action. It further contends that Adler's employment contract does not include any promise that the University will not discriminate on the basis of religion. The motion is denied.

■ Title VII does not permit a privately maintainable cause of action. *Weise v. Syracuse University,* 522 F.2d 397 (2d Cir. 1975). Rather, the enforcement of Title VII's protections is delegated only to the Department of Labor. *Rackin v. University of Pennsylvania,* 386 F.Supp. 992 (E.D. Penn.1974). Were Adler relying solely on Title VII to assert his private breach of contract claim, the University's Motion for Summary Judgment would be well taken.

■ However, Adler also bases his claim on state law grounded on the same occurrence as that giving rise to his federal claim. Under the doctrine of pendent jurisdiction, it is clear that federal courts have the power to hear state law claims which arise from a "nucleus of operative fact" common to the asserted federal claims. *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). This court chooses to entertain Adler's pendent state claim and therefore denies the University's Motion for Summary Judgment.

■ The University also alleges that Adler's contract does not expressly promise that the University will refrain from religious discrimination. Adler does not dispute this, but contends that the University has a policy of non-discrimination and that policy is by law a part of the contract between Adler and the University. The Supreme Court of Ohio has held that a University's policies, rules and regulations relating to faculty members become a part of the employment contract, as a matter of law. *Rehor v. Case Western Reserve Uni-*

*versity,* 43 Ohio St.2d 224, 331 N.E.2d 416 (1975). In a letter to the Ohio Civil Rights Commission dated June 18, 1976, the University stated that " ... John Carroll has officially and in practice opposed all forms of discrimination based upon religious affiliation . . . .". Under Ohio law, this policy must be viewed as part of Adler's employment contract.

 It is clear that a question of fact exists as to whether Adler has been discriminated against on the basis of religion and his employment contract breached thereby. The University is not entitled to judgment as a matter of law, and its Motion for Summary Judgment is denied.

## II. DAMAGES

### A. *Backpay*

The University moves for summary judgment on the issue of Adler's claim for backpay, asserting that Adler has suffered no financial loss which will support a cognizable claim for damages. After leaving his employment as an associate professor at the University, Adler engaged in the full-time private practice of psychology. It is undisputed that his income has increased substantially since he left the University.

 The twin statutory purposes of Title VII are to achieve employment equality by preventing discrimination and to make persons whole for injuries suffered due to unlawful employment discrimination. The scope of relief is intended to restore a victim of unlawful employment practices to the position the employee would have been in, were it not for the unlawful discrimination. *Albemarle Paper Company v. Moody,* 422 U.S. 405, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975). Title VII specifically provides for the award of backpay. The United States Supreme Court has held that backpay should be denied only in special circumstances and for reasons which, if applied generally, would not frustrate the central statutory purposes. *Id.* at 421, 95 S.Ct. at 2373.

 Title VII sets forth its own limits on backpay by expressly requiring that interim earnings be set off against any otherwise allowable backpay award. 42 U.S.C. § 2000e–5(g) (1970). The Sixth Circuit has applied this language to deny a claim for backpay when the plaintiff's interim earnings exceeded the wages which would have been earned had the defendant not discriminated against the plaintiff. Backpay is not awardable when the victim of employment discrimination is not damaged monetarily thereby. *EEOC v. New York Times Broadcasting Service, Inc.,* 542 F.2d 356, 359 (6th Cir. 1976).

Adler urges this Court to disregard the language of 2000e–5(g) and adopt instead the position of those courts which have incorporated the standard of relief provided by the Age Discrimination in Employment Act of 1967, § 7, 29 U.S.C. § 626 (1970). The ADEA has been interpreted to require that a set-off of interim earnings be limited to that amount which exceeds the sum the plaintiff would have earned from his "part-time" position had he retained his "full-time" job. Accordingly, plaintiff should not be required under the ADEA to deduct wages earned from a job which could have been held in addition to the job which was denied due to discrimination. *Laugesen v. Anaconda Company,* 510 F.2d 307, (6th Cir. 975). However, courts following this position recognize "that the make-whole relief objective is common to both Title VII and ADEA and will be effectuated only if backpay awards are reduced to reflect alternate source earnings." *Rodriguez v. Taylor,* 569 F.2d 1231 (3d Cir. 1977).

This Court declines to employ ADEA's remedial scheme for two reasons. First, Adler does not assert a claim for discrimination based on age. Second, the language of Title VII clearly states that interim earnings should reduce a backpay award, and the Sixth Circuit has applied this language to deny backpay when the plaintiff has earned a higher income from employment obtained subsequent to the employment discrimination. *EEOC, supra,* at 359.

 As a further reason for finding in favor of the University on the issue of

backpay, the Court notes that backpay is not an automatic or mandatory remedy. The decision to award backpay must be considered in light of the purposes of Title VII. *Albemarle, supra,* at 405, 95 S.Ct. at 2362. Title VII is an equitable remedy which is not intended to make the victim of discrimination more than whole. Plaintiff's right to recovery rests upon proof that he was a victim, and was not the responsible agent in his own termination. *Clark v. Marsh,* 665 F.2d 1168 (D.C.Cir.1981). This Court finds that Adler was not a victim, but rather that he "generated his own fate." See *Williams v. Boorstin,* 663 F.2d 109, 119 (D.C.Cir.1980). Adler's termination came about only because he voluntarily resigned his position. Adler submitted a letter of resignation on December 16, 1975. His resignation, to be effective at the end of his current teaching contract on May 30, 1976, was accepted in a letter from the University's Academic Vice President on December 23, 1975.

On January 19, 1976, the fact of Adler's resignation was communicated to the University's Department of Education faculty by memorandum. In a letter of February 25, 1976, Adler subsequently attempted to rescind his resignation and sign a contract for the following year. His request was denied by the Academic Vice President in a letter dated the following day. Clearly, Adler's termination was the result of his own voluntary resignation.

 Dr. Adler's resignation presents an additional barrier to his request for backpay. A resignation terminates any right to a continuing appointment to which a tenured professor may otherwise be entitled. Adler's resignation works to defeat his claim for damages under his pendent state law breach of contract action. Assuming, *arguendo,* that the denial of Adler's promotion was caused by discrimination in

violation of his contract, under a breach of contract theory, Adler might be entitled to damages in the amount equal to the difference between his associate professor's salary and a full professor's salary. However, Adler's right to a full professor's salary would not have accrued until the 1976–1977 academic year. Adler enjoyed only a yearly contract, subject to annual renewal. Adler received all the wages to which he was entitled under his 1975–1976 contract. His voluntary resignation in 1975 terminated any right to a new contract for the year 1976–1977 either as an associate professor or as a full professor.[1] Hence, Adler has no state law claim for breach of contract in 1976–1977, which is the first year in which he may possibly have been entitled to a full professor's salary.

In dismissing Adler's claim to backpay for the above reasons under Title VII and state law theories, this Court does not decide the merits of Adler's employment discrimination claim. If Adler was the victim of discrimination, he may yet be entitled to injunctive relief and a declaratory judgment under Title VII. Further, this Court does not decide whether the alleged discrimination may give rise to an action for breach of contract with respect to which Adler may prevail under his pendent state law claim. However, Adler will not be entitled to backpay under either theory, should he prevail on the merits.

**B.** *Compensatory Damages*

 The University also requests dismissal of Adler's claim for compensatory damages. It is clear that Title VII does not allow the recovery of compensatory damages. *Harrington v. Vandalia-Butler Board of Education,* 585 F.2d 192 (6th Cir. 1978).

 Adler's claim for compensatory damages under his pendent state law claim

---

**1.** The Court notes that a voluntary resignation does not in all cases preclude a claim for backpay based on discriminatory discharge under 42 U.S.C. § 2000e *et seq.* The right to backpay survives if a plaintiff shows that actions by the employer constituted constructive discharge. *Brown v. Nat'l. Maritime Union,* 14 F.E.P.

Cases 639 (N.Y.Dist.1977). In the instant case, Adler has made no such allegation, nor do the circumstances of the case in any way suggest the University engaged in the bad faith or harassing conduct necessary to substantiate a constructive discharge claim.

is dismissed for the reasons set forth above regarding his backpay claim. His voluntary resignation terminated any right to a renewed contract in 1976–1977 on which a claim for compensatory damages could be based.

### C. *Punitive Damages*

The University's Motion to Dismiss Adler's claim for punitive damages is also granted. There is no right to punitive damages under Title VII. *Harrington, supra,* at 196.

Moreover, Adler may not recover punitive damages under Ohio contract law. The proposition that "punitive damages are not appropriate to and may not be awarded in actions *ex contractu*" is settled law in Ohio. *Ketcham v. Miller,* 104 Ohio St. 372, 136 N.E. 145 (1922); *Tibbs v. National Homes Construction,* 52 Ohio App.2d 281, 369 N.E.2d 1218, 1225 (1977).

For the above reasons, defendant's Motions to Dismiss plaintiff's claims for compensatory and punitive damages are granted. Defendant's Motion for Summary Judgment on the issue of backpay is granted.

IT IS SO ORDERED.