Corrie BOYD, Jr., Plaintiff,

v.

**BROOKSTONE CORPORATION OF NEW HAMPSHIRE, INC., Defendant.**

No. 93–6632–CIV.

United States District Court, S.D. Florida.

July 18, 1994.

Peter W. Zinober, Edwin J. Turanchik, Frank E. Brown, Zinober & McCrea, Tampa, FL, for defendant.

Gene Reibman, Ft. Lauderdale, FL, Stuart A. Rosenfeldt, Herzfeld & Rubin, Miami, FL, for plaintiff.

### *ORDER GRANTING IN PART DEFENDANT'S PARTIAL MOTION TO DISMISS*

HIGHSMITH, District Judge.

THIS CAUSE came before the Court upon Defendant Brookstone Corporation of New Hampshire, Inc.'s ("Brookstone") Partial Motion to Dismiss, filed July 27, 1993. For the reasons stated below, the Court grants in part Brookstone's motion.

## BACKGROUND

Plaintiff Corrie Boyd, Jr. ("Boyd") is a black male employed by Brookstone as a sales supervisor in Brookstone's Galleria store in Fort Lauderdale, Florida. On or about December 1, 1991, Boyd was denied a promotion to the position of assistant manager. Boyd asserts he performed his job duties with competence and diligence, and alleges he was denied the promotion based on his race.

On February 11, 1992, Boyd filed a timely charge with the Equal Employment Opportunity Commission ("EEOC") against Brookstone, alleging racial discrimination. The EEOC rendered a decision in favor of Brookstone, and issued Boyd a right-to-sue letter. Thereafter, Boyd filed this discrimination action, alleging that Brookstone failed to promote him in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). Boyd also asserts that Brookstone retaliated against him for engaging in a protected Title VII activity; namely, the filing of the EEOC complaint. Boyd additionally seeks to enforce rights secured to him under 42 U.S.C. § 1981; to wit, the right to make and enforce contracts.

In response, Brookstone filed a motion to dismiss certain portions of Boyd's retaliation claim. Brookstone asserts that the allegations sought to be dismissed fail to state a cause of action, under Title VII, upon which relief can be granted.

## STANDARD OF REVIEW

■ To state a claim, *Fed.R.Civ.P.* 8(a) requires, *inter alia,* "a short and plain statement of the claim showing that the pleader is entitled to relief." The Court must "take the material allegations of the complaint and its incorporated exhibits as true, and liberally construe the complaint in favor of the plaintiff." *Burch v. Apalachee Community Mental Health Servs., Inc.,* 840 F.2d 797, 798 (11th Cir.1988) (citation omitted), *aff'd,* 494 U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990). The law in this Circuit is well-settled that "the 'accepted rule' for appraising the sufficiency of a complaint is 'that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *SEC v. ESM Group, Inc.,* 835 F.2d 270, 272 (11th Cir.1988) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)), *cert. denied* 486 U.S. 1055, 108 S.Ct. 2822, 100 L.Ed.2d 923 (1988). The moving party bears a heavy burden. *St. Joseph's Hospital, Inc. v. Hospital Corp. of Am.,* 795 F.2d 948, 953 (11th Cir.1986).

## DISCUSSION

■ The pertinent facts, as Boyd alleges them, and placed in the light most favorable to him, are that Boyd was denied a promotion because of his race, for which denial Boyd instituted a proceeding before the EEOC. Allegedly, in retaliation for Boyd's filing of the EEOC complaint, Brookstone presented manufactured evidence to the EEOC, to influence the outcome of the EEOC's determination. After its investigation of Boyd's complaint, which included consideration of the allegedly manufactured evidence, the EEOC determined that Boyd had not been discriminated against. The EEOC then gave Boyd leave to pursue his discrimination claim in federal court for violation of § 703(a) of Title VII. In the Complaint now before this Court, however, Boyd raises a retaliation claim under § 704(a) in addition to his § 703(a) claim, based on Brookstone's alleged submission of manufactured evidence to the EEOC. Specifically, the Complaint alleges that Brookstone retaliated against Boyd by: (1) directing lower level management employees to prepare false and fraudulent evaluations of Boyd in an attempt to influence the outcome of the EEOC complaint by justifying Brookstone's unlawful denial of a promotion to Boyd, and also to harass Boyd for filing his complaint and to deny him equal employment opportunities such as annual raises and advancement; and (2) giving false evidence to the EEOC, and directing other Brookstone employees to give false evidence to the EEOC.[1] Brookstone seeks dismissal of these retaliation claims.

1. The Court notes that Boyd need not exhaust his administrative remedies prior to asserting a re-

Title VII was enacted by Congress to "achieve employment equality by preventing discrimination and to make persons whole for injuries suffered due to unlawful employment discrimination." *Adler v. John Carroll Univ.*, 549 F.Supp. 652, 655 (N.D.Ohio 1982). Sections 703(a) and 704(a) of Title VII identify the types of employment practices that are considered unlawful. Specifically, § 703(a) prohibits the discharge or other discrimination "against any individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e–2(a). Section 704(a), on the other hand, prohibits an employer from engaging in retaliatory conduct against an employee because that employee seeks to exercise his rights under Title VII or in some other way opposes an employer's unlawful employment practices.[2]

▪ To establish a prima facie claim of retaliation under § 704(a), a plaintiff must satisfy the three-part test articulated by the Eleventh Circuit in *Jordan v. Wilson*, 851 F.2d 1290 (11th Cir.1988); namely:

a) that the employee's activity falls within the scope of protection of Title VII;

b) that the employee suffered an adverse employment decision; and

c) that a causal link exists between the protected activity and the detrimental employment action.

*Jordan*, 851 F.2d at 1292. *See also Bigge v. Albertsons, Inc.*, 894 F.2d 1497, 1501 (11th Cir.1990). The crux of Brookstone's motion to dismiss is that Boyd has not suffered an "adverse employment decision" in relation to his filing of the EEOC complaint. Thus, Brookstone contends, Boyd has not satisfied the three-part *Jordan* test, and the contested portions of his retaliation claim must be dismissed. At best, Brookstone urges, the al-

leged conduct would only be relevant to proving that Brookstone's denial of Boyd's promotion was done with discriminatory intent in violation of § 703(a).

### 1. Allegations of False Evaluations.

▪ The Court first addresses Boyd's retaliation claim based on the alleged false evaluations. Boyd asserts that, subsequent to the filing of his EEOC complaint, and in retaliation for such filing, Brookstone prepared false evaluations of Boyd's job performance. An allegation that false performance evaluations were prepared in retaliation for the filing of an EEOC claim is a recognized cause of action under § 704(a). *See, e.g., EEOC v. Reichhold Chemicals, Inc.*, 988 F.2d 1564, 1572 (11th Cir.1993); *Sowers v. Kemira, Inc.*, 701 F.Supp. 809, 825 (S.D.Ga.1988). *See also Scales v. The George Washington Univ.*, 1991 WL 199869, 1991 U.S.Dist. LEXIS 3887 (D.D.C. March 25, 1991) (Retaliatory conduct complained of included a performance evaluation containing falsehoods and malicious accusations.). While the claim in Boyd's complaint for retaliation based upon false evaluations includes a litany of motivations for the alleged retaliatory conduct, such alleged motivations do not impair the validity of the cause of action. Accordingly, Brookstone's motion shall be denied as to Boyd's retaliation claim relating to the alleged false evaluations.

### 2. Allegations of Manufactured Evidence.

▪ The Court next addresses Boyd's retaliation claim based on Brookstone's alleged submission of manufactured evidence to the EEOC. In this regard, the Court notes that, to its knowledge, no other authority has addressed the issue of whether procuring false testimony and evidence, and proffering such in an EEOC proceeding, constitutes retalia-

---

taliation claim in federal court. *Nealon v. Stone*, 958 F.2d 584, 590 (4th Cir.1992). *Cf. Butts v. City of New York Dept. of Housing*, 990 F.2d 1397 (2d Cir.1993) (District court has jurisdiction to hear Title VII claims either included in EEOC charge or based on conduct subsequent to charge which is reasonably related to that charge.).

**2.** Specifically, § 704(a) provides, in pertinent part, that:

"[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees ... because he has opposed any practice ... or because he has made a charge ... or participated in any manner in [a] ... proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e–3(a).

tory conduct prohibited by § 704(a).[3] Hence, the issue is one of first impression for this Court. In addressing this issue, the Court must keep in mind the remedial nature of Title VII, and apply § 704(a) in a manner consistent with the statute's purpose of "prevent[ing] employers from chilling employees' assertions of Title VII rights." *Bilka v. Pepe's Inc.*, 601 F.Supp. 1254, 1259 (N.D.Ill. 1985).

■ At the outset, the Court recognizes that, although § 704(a) specifically states that an employer cannot retaliate against protected employees, the statute does not make all hostile acts wrongful. *Wu v. Thomas*, 996 F.2d 271, 274 (11th Cir.1993), *cert. denied*, — U.S. —, 114 S.Ct. 1543, 128 L.Ed.2d 195 (1994). Moreover, while the Eleventh Circuit has interpreted the statutory language to mean that an employer cannot retaliate against an employee by making an "adverse employment decision," it has not defined what constitutes such an action. *Wu*, 996 F.2d at 273. Cases addressing the retaliation provision of Title VII have found that adverse employment decisions include failure to rehire, failure to promote, termination, differential compensation, or some other action which tangibly injures an employee who pursued a Title VII action.[4] Other courts addressing the issue of retaliation have identified a broader range of acts as adverse, based on the scope of their consequences. In *Collins v. State of Illinois*, 830 F.2d 692, 702 (7th Cir.1987), the Seventh Circuit held that an employer retaliated against its employee for her filing of an EEOC complaint when it transferred the employee to a lateral position which, although not involving any reduction in pay or benefits, was essentially demeaning. In so holding, the *Collins* court noted that "Title VII does not limit adverse job

action to strictly monetary considerations.... It can encompass other forms of adversity as well." *Id.* at 703. In similar cases, adverse job impact has been found where an employee's office was moved to an undesirable location, *Trout v. Hidalgo*, 517 F.Supp. 873, 890 n. 67 (D.D.C.1981), *aff'd in part and rev'd in part sub nom. Trout v. Lehman*, 702 F.2d 1094 (D.C.Cir.1983), *vacated on other grounds*, 465 U.S. 1056, 104 S.Ct. 1404, 79 L.Ed.2d 732 (1984); where an employee was transferred to an isolated corner, *Harris v. Richards Mfg. Co.*, 511 F.Supp. 1193, 1203 (W.D.Tenn.1981), *aff'd in part and rev'd in part*, 675 F.2d 811 (6th Cir.1982); and where an employee was required to move her personal files and was prohibited from using the firm's stationery and support services, *Commonwealth v. Thorp, Reed & Armstrong*, 25 Pa.Cmwlth. 295, 361 A.2d 497, 502 (1976) (applying a state statute similar to Title VII). Moreover, several courts have also determined that the sending of unfavorable letters of reference to prospective employers of former employees, with the discriminatory intent of retaliation for a protected employee activity, constitutes an adverse employment action. *See London v. Coopers & Lybrand*, 644 F.2d 811, 817 (9th Cir.1981); *Pantchenko v. C.B. Dolge Co., Inc.*, 581 F.2d 1052 (2d Cir.1978); *Rutherford v. American Bank of Commerce*, 565 F.2d 1162 (10th Cir.1977). The courts in these cases reasoned that a broad construction of Title VII is required to effect its purpose, "... which is to furnish a remedy against an employer's use of discrimination in connection with a prospective, present or past employment relationship to cause harm to another." *Pantchenko*, 581 F.2d at 1055.

In all of these cases, the common factor is that the retaliation took the form of "subtle

---

3. Indeed, the only other court having similar allegations before it did not reach the issue because the allegations were brought as a civil conspiracy claim, as opposed to a retaliation claim. *See Locus v. Fayetteville State Univ.*, 1988 WL 156735, 1988 U.S.Dist. LEXIS 16282 (E.D.N.C. May 20, 1988), *aff'd*, 870 F.2d 655 (4th Cir.1989) (Plaintiff alleged defendants conspired to deprive her of a full and fair determination by the EEOC of the validity of her sex discrimination charge by providing false and misleading information during the EEOC's investigation.).

4. *See, e.g., Whatley v. Metropolitan Atlanta Rapid Transit Auth.*, 632 F.2d 1325 (5th Cir.1980) (retaliatory discharge); *Bickel v. Burkhart*, 632 F.2d 1251 (5th Cir.1980) (retaliatory refusal to promote); *Payne v. McLemore's Wholesale & Retail Stores*, 654 F.2d 1130 (5th Cir.1981), *cert. denied*, 455 U.S. 1000, 102 S.Ct. 1630, 71 L.Ed.2d 866 (1982) (retaliatory refusal to rehire).

distinctions in the **terms and conditions of employment.**" *Rodriguez v. Board of Educ.,* 620 F.2d 362, 364 (2d Cir.1980) (emphasis added). In the case *sub judice,* Boyd maintains that the false evidence and testimony allegedly provided by Brookstone, and resulting in an unfavorable EEOC decision, constitute a retaliatory, adverse employment decision on the part of Brookstone. Boyd further alleges that he has suffered irreparable injury, damage, and distress because the unfavorable EEOC ruling, reached as a result of Brookstone's alleged retaliatory conduct, legitimizes Brookstone's initial decision not to promote Boyd and provides Brookstone with the grounds to continue to deny Boyd promotions and the attendant increases in salary, benefits, opportunity, and prestige. In addition, Boyd claims to be adversely impacted by the denial of Title VII remedies available to a prevailing plaintiff in an EEOC action, thereby suffering the loss of injunctive relief and damages. The Court disagrees.

First, the Court finds that Brookstone's alleged actions in obtaining manufactured evidence, and submitting such evidence to the EEOC, do not implicate "employment" in any form or manner. If the allegations are true, Brookstone's actions have not affected the "terms and conditions" of Boyd's employment; they have affected an administrative proceeding. As to the latter, Boyd is not without a remedy. Upon the EEOC's denial of relief, Boyd had at least two options available to him. First, he could have petitioned the EEOC for reconsideration of its "no cause" finding, based upon Brookstone's submission of manufactured evidence.[5] Assuming the EEOC accepted reconsideration and found that Brookstone did in fact obtain and submit false testimony and other evidence, the EEOC could have reversed its prior finding of no discrimination. Second, Boyd could seek relief in this Court, as he has now chosen to do.[6] If Boyd succeeds on the merits before the Court, he would obtain full relief regardless of what transpired before the EEOC.[7]

Moreover, with regard to Brookstone's alleged actions, the Court finds that such allegations would be relevant only to the Court's determination of whether Boyd has established his original claim of discrimination under § 703(a). Under § 703(a), once the plaintiff has established a prima facie case of discrimination by a preponderance of the evidence, a presumption of discrimination arises in favor of the plaintiff. *St. Mary's Honor Center v. Hicks,* —— U.S. ——, ——, 113 S.Ct. 2742, 2747, 125 L.Ed.2d 407 (1993). The burden of production then shifts to the defendant, who must adduce evidence of a legitimate, non-discriminatory reason for its action. *Id.* If the defendant carries its burden of production, the presumption is rebutted. *Id.* "The plaintiff then has the full and fair opportunity to demonstrate, through presentation of his own case and through cross-examination of the defendant's witnesses, that the proffered reason was not the true reason for the employment decision and that [the discriminatory reason] was." *Id.* The plaintiff "retains that ultimate burden of persuading the trier of fact that he has been the victim of intentional discrimination." *Id.* at —— —— ——, 113 S.Ct. at 2747–48. To meet such a burden of persuasion, the plaintiff must show "both that the [defendant's] reason was false and that discrimination was the real reason." *Id.* at ——, 113 S.Ct. at 2752. In the instant case, Boyd's allegations of manufactured evidence would be relevant to whether Brookstone's reasons for not promoting Boyd were pretextual, or false. Thus, such assertions go directly to the credibility and truth of Brookstone's articulated, non-discriminatory reasons for its decision not to promote Boyd, and as such, are probative of his Title VII claim for discrimination

---

5. The EEOC guidelines provide an appeal process for claimants who receive a "no cause" determination from the EEOC. 29 C.F.R. § 1613.231 (1987). An appeal must be filed within twenty (20) days of notification of the EEOC's determination. 29 C.F.R. § 1613.233 (1983).

6. Section 706 of Title VII, 42 U.S.C. § 2000e–5, provides that claims under § 703 and § 704 may be asserted in federal court.

7. By this analysis, the Court is not foreclosing other avenues of relief available to Boyd.

under § 703(a).[8] Hence, the Court finds that allowing Boyd to maintain a separate claim under § 704(a) for Brookstone's actions would be, to use Brookstone's words, "redundant, and any relief duplicative." Accordingly, the Court shall grant Brookstone's partial motion to dismiss as to the portions of Boyd's retaliation claim based on manufactured evidence, but only to the extent those portions seek to state a cause of action under § 704(a). The allegations shall remain a part of the Complaint to the extent they relate to whether Brookstone's articulated, non-discriminatory reasons for not promoting Boyd are pretextual, and to whether Brookstone's evaluations of Boyd after the initiation of the EEOC action are false.

### CONCLUSION

Based upon the foregoing considerations, it is

ORDERED AND ADJUDGED that Brookstone's partial motion to dismiss is GRANTED IN PART AND DENIED IN PART. Subparagraphs (a) and (b) of paragraph 13 in Boyd's Complaint are hereby DISMISSED WITH PREJUDICE **only to the extent** they seek to state a cause of action under § 704(a) of Title VII.

DONE AND ORDERED.

---

8. By the same token, Boyd's allegations of manufactured evidence may also be relevant to the determination of whether Brookstone's evaluations of Boyd made subsequent to Boyd's filing of the EEOC charge were indeed false, and prepared with retaliatory intent.