Lynn S. WEISSMAN

v.

**GENERAL CABLE COMPANY, General Cable Corporation, GK Technologies, Inc. and Penn Central Telecommunications Company.**

Civ. No. 5-89-615 (WWE).

United States District Court,
D. Connecticut.

Aug. 1, 1994.

Neil W. Sutton, Michael Francis Ewing, Cohen & Wolf, P.C., Bridgeport, CT, Robin G. Frederick, Stamford, CT, for Lynn S. Weissman.

Edward R. Scofield, Shelley R. Sadin, Zeldes, Needle & Cooper, Bridgeport, CT, David J. Rowland, Rody P. Biggert, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, IL, for Penn Central Telecommunications Co.

## RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

EGINTON, Senior District Judge.

Plaintiff, Lynn S. Weissman, commenced this action alleging gender-based wage discrimination under the Equal Pay Act of 1963, 29 U.S.C. § 206(d)(1) and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Pending before the court is defendants General Cable Company, General Cable Corporation, GK Technologies, Inc. and Penn Central Telecommunications Company's motion pursuant to Fed.R.Civ.P. 56 for summary judgment. For the reasons set forth below, the motion will be denied.

## BACKGROUND

Plaintiff claims that as Data Processing Manager at General Cable Company (the "Company"), she was paid less than two male predecessors to this position and a male counterpart, namely Robert Heise, Joseph Sullivan and Tom Fusco, respectively. From the pleadings and motion papers, the facts may be summarized as follows.

Plaintiff began her career at the Company in January, 1979, when she was hired as a Data Entry Operator for the Management Information Systems ("MIS") department of the Company's Greenwich, Connecticut facility. Plaintiff was paid at a salary grade level of 8. Over the next three years, plaintiff was promoted three times and by five grade levels. In October, 1982, plaintiff resigned from her position as Senior Input/Output ("I/O") Clerk. Eight months later, she returned to work for the Company in this position, contingent on a six month review.

After her six month review, plaintiff was promoted to the newly created position of Data Control Administrator and graded at level 34. Plaintiff reported directly to the Data Processing Manager, Joseph Sullivan. Sullivan was hired by the Company in 1976 as a Systems Analyst. During the next four years, he was promoted to Project Leader and Systems Project Manager. In 1981, he was promoted to the Data Processing Manager position to replace Robert Heise. He served in this position until 1983. Both Heise and Sullivan were paid at grade level 50 in this position. In 1979, this grade was the equivalent of $44,000. During the years 1981, 1982 and 1983, it was equal to $45,400, $49,900 and $53,700, respectively.

Prior to joining the Company, Sullivan had four years work experience as a Computer Systems Engineer with Electronic Data Systems. Sullivan held a bachelor of science degree in marketing from the University of Bridgeport and had attended officer's training school and completed studies in data processing at the U.S. Armed Forces Institute.

Defendants argue that as Data Processing Managers, Heise and Sullivan were primarily responsible for the following four areas within the MIS department: systems engineering, computer operation, I/O control and telecommunications. A manager was assigned

to each of the four areas. He in turn reported directly to Heise or Sullivan. The other duties of the Data Processing Manager included facilities management, supervising relationships with outside computer vendors and monitoring the Data Processing Department budget.

Beginning in August, 1984, the Company was moving from a centralized mainframe computer operation situated within the Greenwich facility to several decentralized mini-computer systems to be located in the Company's other facilities throughout the United States. During this transfer (defendants refer to it as a "downsizing"), the Greenwich facility's MIS department ran parallel programs of the Company's general ledger, accounts payable and fixed assets applications to avoid any loss of information. In March, 1987, it ceased all mainframe operations and sent any remaining framework to an outside vendor called Sprague Electric, located in Massachusetts.

As a result of this reorganization, Sullivan was promoted to MIS Director. Shortly thereafter, plaintiff was promoted to another newly created position of Data Processing Supervisor, at grade level 41. Plaintiff received favorable job performance reviews as Data Processing Supervisor. In 1985, plaintiff, who had been taking evening undergraduate courses at IONA College, graduated, receiving a bachelor of science degree in business administration. She continued her education by attending seminars in management, leadership skills and computer operations. In March, 1986, she was promoted to Data Processing Manager. Her promotion was accompanied by an increase in grade level to 46, earning her $41,000.

Plaintiff claims that as Data Processing Manager, she managed the same areas in the MIS department as Sullivan except for systems engineering.[1] Plaintiff did not take over this duty until March, 1987. Plaintiff supervised between eight and thirteen people. During the reorganization, plaintiff was also responsible for running parallel applications of the programs at the facility and subsequently coordinating and monitoring the mainframe work sent to Sprague Electric.

In 1988, the Company hired Tom Fusco as Data Processing Manager at grade level 48 for its South Plainfield, New Jersey facility. At the time, grade level 48 was the equivalent of $56,000. Prior to being hired, Fusco held an A.A.S. degree in business management from Brookdale Community College and a bachelor's degree in professional studies and computer science from Pace University. He also had prior work experience as Vice President of Data Processing for Midland Bank and as Data Center Manager for Weikert Real Estate.

Fusco's responsibilities as Data Processing Manager included transferring and integrating the computer equipment and data to the new Corporate Data Center in South Plainfield, New Jersey, managing computer operations and the administration of the Corporate Data Center. Fusco initially managed three employees. Fusco did not supervise the help desk or telecommunications until 1989. Also, he was not responsible for systems engineering.

In 1988, the Company promoted Eric Kalman, a male systems engineer at its Greenwich facility, from a grade level 46 to a grade level 48. As a systems engineer at the Greenwich facility during the downsizing of the Greenwich MIS department, Kalman was responsible for maintaining computer hardware that had been relocated to Sprague Electric.

Sullivan left the Company in 1988 and was replaced by Mike Boyd. Plaintiff complained to Boyd that she believed she should be graded at level 50. Boyd discussed plaintiff's complaint with the Company's Personnel Manager, Susan Chang Johnson. The Company conducted a review of plaintiff's employment and salary history which included contacting Sullivan and requesting his opin-

---

**1.** In her memorandum in opposition to summary judgment, plaintiff does not specifically compare her duties to Heise's. In defendants' memorandum in support of summary judgment, they claim that the requirements of the position were the same for both Heise and Sullivan. Therefore, the court will view plaintiff's comparison to Sullivan as including a comparison to Heise's duties.

ion as to plaintiff's responsibilities. Sullivan responded to Johnson by letter dated November 16, 1988 and stated that plaintiff had to perform at "a much higher work activity level" due to the downsizing. After its review, the Company found that plaintiff had been properly graded. Plaintiff left the Company's employ in 1989.

## DISCUSSION

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. *American International Group, Inc. v. London American International Corp.,* 664 F.2d 348, 351 (2d Cir.1981). In determining whether a genuine issue of material fact exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513–14, 91 L.Ed.2d 202 (1986). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." *Bryant v. Maffucci,* 923 F.2d 979, 982 (2d Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 152, 116 L.Ed.2d 117 (1991). Summary judgment is usually inappropriate in cases where a party's intent or state of mind is at issue. *Rosen v. Thornberg,* 928 F.2d 528, 533 (2d Cir.1991).

## A. Equal Pay Act Claim

To establish a *prima facie* claim under the Equal Pay Act, plaintiff must show that (1) the employer paid different wages to employees of the opposite sex; (2) the jobs entail equal work requiring equal skill, effort and responsibility; and (3) the jobs are performed under similar working conditions. *Corning Glass Works v. Brennan,* 417 U.S. 188, 195, 94 S.Ct. 2223, 2228, 41 L.Ed.2d 1 (1974). If this burden is met, the burden shifts to the defendant to prove by a preponderance of the evidence that the wage disparity is the result of a seniority system, a merit

system, a system which measures wages by quantity or quality of production, or any other factor other than sex. 29 U.S.C. § 206(d)(1).

## 1. Plaintiff's *Prima Facie* Case

Defendants dispute that plaintiff performed "equal work" to Heise, Sullivan and Fusco. Defendants claim that due to the downsizing of the Greenwich facility, plaintiff had less work and supervisory responsibilities than her three male comparators.

To meet the "equal work" requirement of the Equal Pay Act, plaintiff must show that a wage disparity exists between two jobs in which the skill, effort and responsibility required is substantially equal. *AFSCME, AFL–CIO v. County of Nassau,* 609 F.Supp. 695, 707 (D.C.N.Y.1985). The court must look to see if a significant part of the two jobs is identical. *Brewster v. Barnes,* 788 F.2d 985, 991 (4th Cir.1986). Time expended on additional tasks assigned to a male employee does not justify a wage disparity if those additional tasks do not consume a significant portion of the male employee's time. *Usery v. Columbia Univ.,* 568 F.2d 953, 959 (2d Cir.1977).

There exists a genuine factual issue as to whether plaintiff's duties as Data Processing Manager were substantially equal to those performed by Heise, Sullivan and Fusco. As noted, plaintiff claims that she was responsible for the same areas as Sullivan except for managing the systems engineers, which duty she was given in 1987. It is a question of fact to determine how much of Sullivan's time was devoted to managing the systems engineers. Sullivan assigned a manager to oversee the systems engineers and report back to him. When plaintiff took over this duty, she was directly responsible for managing this group. Accordingly, it is left to the trier of fact to determine if managing the systems engineers consumed a significant amount of Sullivan's time.

Regarding the other duties performed by Sullivan, plaintiff submits her own deposition which states that, like Sullivan, she performed data entry and control, managed computer operations, facilities management

and report distribution, monitored the help desk, maintained relationships with outside vendors, prepared the Data Processing budget, and conducted salary reviews. From this evidence, a trier of fact could determine that a significant portion of plaintiff's and Sullivan's duties was the same.

Defendants claim that plaintiff's duties declined as a result of the downsizing of the MIS department. The downsizing, however, meant plaintiff was responsible for other duties such as monitoring and coordinating the work going to Sprague Electric. This required extensive travel to Massachusetts to assure that the work was properly completed and delivered to the Greenwich facility.

Comparing her duties to Fusco, plaintiff maintains that the work she performed was equal if not greater than that performed by Fusco. Fusco was responsible for moving and setting up the computer operation in the Data Corporate Center in South Plainfield, New Jersey. Fusco initially managed three people. He was not assigned responsibility for telecommunications or the help-desk until 1989. Also, Fusco did not supervise the systems engineers.

While plaintiff's duties may not have been identical to those performed by Heise, Sullivan or Fusco, substantial equality is the test. Viewing the evidence in the light most favorable to the non-movant, plaintiff has submitted sufficient evidence to establish a *prima facie* case.

## 2. Defendants' Affirmative Defense

■ Once plaintiff establishes a *prima facie* case, the burden shifts to the defendant to prove that the pay differential was the result of one of the four above-stated statutory exceptions. Defendants claim that the pay differential existed because plaintiff's educational qualifications and experience were less than those of Heise, Sullivan and Fusco. Defendants' burden of proving that the wage differential is due to a factor other than sex is a heavy one. *Brewster v. Barnes*, 788 F.2d 985, 992 (4th Cir.1986).

Defendants claim that plaintiff received her college education after she had been hired by the Company unlike Sullivan and Fusco who were hired with bachelors degrees and prior management experience. Defendants do not present any evidence of Heise's educational background or prior work experience.

Plaintiff argues that she had the same educational background and similar work experience as Sullivan and Fusco when she took the position of Data Processing Manager. Plaintiff argues that when she became Data Processing Manager, she had a college education and had attended seminars in data processing and management. Plaintiff also had seven years of experience within the Company.

The court finds a genuine factual issue that is properly left to the trier of fact. There exists a factual issue as to whether Heise had superior education and work experience qualifications as compared to plaintiff. Weighing the accomplishments of the parties is properly left to the trier of fact. *See Pantchenko v. C.B. Dolge Co., Inc.*, 581 F.2d 1052 (2d Cir. 1978); *Gorrell v. Abbott Lab.*, 1987 WL 28302 (N.D.Ill.1987). Accordingly, summary judgment will not be granted on plaintiff's Equal Pay Act claim.

## B. Title VII claim

■ Plaintiff sets forth a Title VII sex-based wage discrimination claim. "In order to establish a valid claim under Title VII for sex-based wage discrimination, a plaintiff can demonstrate a disparate impact from use of a facially neutral employment practice ... or present evidence of intentional sex-based wage discrimination." *Aldrich v. Randolph Central School District*, 963 F.2d 520, 528 (2d Cir.1992) (citations omitted). Plaintiff does not offer evidence that the Company's grade classification system has a disparate impact on women. Plaintiff has, however, set forth sufficient indirect evidence to withstand a motion for summary judgment on a claim for intentional sex-based wage discrimination.

■ To avoid summary judgment in any case brought pursuant to 42 U.S.C. § 2000e *et seq.*, the claimant must first demonstrate a *prima facie* case of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668

(1973). To do so, plaintiff must show that: (1) she was a member of a protected class; (2) she suffered an unfavorable employment action; and (3) some evidence exists creating an inference of discrimination. *Sorlucco v. New York City Police Dept.*, 703 F.Supp. 1092, 1098 (S.D.N.Y.1989), *rev'd on other grounds*, 971 F.2d 864 (2d Cir.1992). On a motion for summary judgment, plaintiff carries a *de minimus* burden of proof. *Dister v. Continental Group, Inc.*, 859 F.2d 1108, 1114 (2d Cir.1988). A trial is appropriate when a plaintiff offers solid circumstantial evidence supporting her case. *Hollander v. American Cyanamid Co.*, 895 F.2d 80, 85 (2d Cir.1990).

 In this case, there is no dispute as to the first two elements: plaintiff is a female paid less than Heise, Sullivan and Fusco in the position of Data Processing Manager. The next issue is whether plaintiff has set forth evidence to support an inference of discrimination. Fusco was hired at grade level 48 for the Data Processing position approximately two years after plaintiff was promoted to the same title. Fusco's pay was two grade levels higher than plaintiff's pay. The court finds that plaintiff has set forth a circumstance which could raise a permissible inference of discrimination.

The burden then shifts to defendants to articulate a legitimate, non-discriminatory reason for the wage disparity. *McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. at 1824. As set forth above, defendants claim that the downsizing of the Greenwich facility and plaintiff's inferior education and work experience as compared to her three male comparators were the reasons for the pay differential. The court finds that defendants have sufficiently rebutted the inference of discrimination.

Next, plaintiff must demonstrate that defendants' proffered reasons are a pretext for discrimination. *McDonnell Douglas*, 411 U.S. at 804, 93 S.Ct. at 1825. On a motion for summary judgment, plaintiff need only show that a factual issue exists as to whether unlawful discrimination played a determinative role in the employment action.

*Meiri v. Dacon*, 759 F.2d 989, 997 (2d Cir. 1985).

Plaintiff has set forth sufficient evidence to create a genuine factual dispute. First, plaintiff submits the deposition of Eric Kalman, a male systems engineer in the Greenwich MIS facility who reported to plaintiff. As noted, Kalman was given a two-grade level increase from 45 to 47 during the downsizing. Second, plaintiff sets forth the letter from Sullivan to Johnson dated June 18, 1988, in which Sullivan states that plaintiff performed at "a much higher work activity level" as Data Processing Manager during the downsizing. Finally, there exists a genuine issue of fact as to whether Heise, Sullivan and Fusco's educational background and work experience when hired or promoted to this position were greater than plaintiff's when she was promoted to the position. Plaintiff's evidence raises sufficient uncertainty regarding the reasons for the pay differential to preclude summary judgment.

## CONCLUSION

For the reasons set forth above, defendants' motion for summary judgment [# 62] is DENIED.