Hinkle, J.
Pursuant to Mass.R.Civ.P. 12(b)(6), defendants Massachusetts Institute of Technology (MIT) and Technology Broadcasting Corporation (TBC) move to dismiss 14 counts of the 46-count complaint. Defendants challenge plaintiff Tuesday Thomas’s sexual harassment claims (Counts II & III), civil rights claims (Counts V & VI), sexual discrimination claims (CountsXXXTV&XXXV) and both plaintiffs’ negligence claims (Counts XXXVI, XXXVII, XXXVIII & XXXIX) on the grounds of Thomas’s status as a volunteer rather than an employee.[3]
BACKGROUND
Defendant TBC operates WMBR, a radio station that broadcasts from the campus of MIT. Both plaintiffTuesday Thomas and defendant Jeffrey Parker were volunteers at WMBR who hosted weekly programs. In their complaint the plaintiffs allege generally that Parker sexually harassed Thomas and that Parker made libelous and otherwise offensive remarks about Thomas and Keskin. There is no allegation of employment on the part of Thomas or Parker. Plaintiffs also allege that TBC and MIT failed to deter Parker’s alleged misconduct.
The complaint includes 16 counts against MIT and 17 counts against TBC.
DISCUSSION
Dismissal of a complaint for failure to state a claim upon which relief can be granted is warranted if “the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979); Charbonnier v. Amico, 367 Mass. 146, 152 (1975). All inferences should be drawn in the plaintiffs favor, and the complaint “is to be construed so as to do substantial justice ...” Ourfalian v.AroMfg. Co., 31 Mass.App.Ct. 294, 296 (1991).
I. Sexual Harassment Claims (Counts II & III) Plaintiffs allege that MIT and TBC violated G.L.c. 214, §1C by failing to take adequate measures to prevent Parker’s alleged sexual harassment of plaintiff Thomas.
Chapter 214, §1C provides that all persons shall have the right to be free from sexual harassment as “sexual harassment” is defined by c. 151B. Chapter 15IB defines sexual harassment as:
[S]exual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature when (a) submission to or rejection of such advances, requests or conduct is made either explicitly or implicitly a term or condition of employment or as a basis for employment decisions; (b) such advances, requests or conduct have the purpose or effect of unreasonably interfering with an individual’s work peiformance by creating an intimidating, hostile, humiliating, or sexually offensive work environment
G.L.c. 151B, §1(18) (emphasis added).
Chapter 15 IB has never been interpreted to apply to volunteers who do not work for pay. To the contrary, even independent contractors have been expressly held by the Supreme Judicial Court to be outside the ambit of Chapter 151B. Comey v. Hill, 387 Mass. 11, 15 (1982) (improper to “assume that the Legislature intended to cover relationships outside the traditional common law employer-employee relationships”).
Similarly, numerous courts have held that Title VII of the Civil Rights Act of 1964, the principal federal employment discrimination statute, does not apply to volunteers. See, e.g., Hall v. Delaware Council on Crime & Justice, 780 F.Supp. 241, 244 (D. Del.), affd, 975 F.2d 1549 (3d Cir. 1992); Smith v. Berks Community Television, 657 F.Supp. 794, 796 (E.D. Pa. 1987). In light of the Supreme Judicial Court’s refusal to apply c. 15IB in any context but the most traditional employer-employee relationship, I find and rule that Thomas as a volunteer at WMBR has no remedy under c. 214, §1C. Counts II and III are therefore dismissed.
II. Sexual Discrimination Claims (Counts XXXTV&XXXV)
The Massachusetts Equal Rights Act, G.L.c. 93, §102, provides that all persons shall have “the same rights enjoyed by white male citizens, to make and enforce contracts, to inherit, purchase, [and] to lease, sell, hold and convey real and personal property . . .”
The language of §102 directly tracks that of an early version of 42 U.S.C. §1981, the first federal civil rights statute. The early version of § 1981 generally provides no remedy for employment discrimination because, by its terms, it does not apply to problems that arise from conditions of continuing employment, such as the imposition of discriminatory conditions. Rather, it applies only to the formation of the employment contract. Patterson v. McLeanCredit Union, 491 U.S. 164,176-77 (1989).
*165 Another justice of this court has adopted the Patterson interpretation of the meaning of “the same rights enjoyed by white male citizens to make and enforce contracts” and applied it to the Massachusetts Equal Rights Act. See Tttcomb v. Boston Safe Deposit & Trust Co., C.A. No. 92-6585 (Suffolk County Superior Court, June 9, 1993) (Sosman, J). In Titcomb, the Court held that no cause of action under the Massachusetts Equal Rights Act existed because the language of the statute could not be expanded beyond the limits set out in Patterson. Id. at 6-7.
In light of this interpretation of the phrase “to make and enforce contracts,” I find and rule that G.L.c. 93, § 102 is inapplicable to plaintiff Thomas because of her volunteer status. Accordingly, I dismiss Counts XXXIV and XXXV.
III.Civil Rights Claims (Counts V & VI)
In order to state a claim under G.L.c. 12, §11(1), plaintiff Thomas must allege that the violation of her civil rights was accomplished by “threats, intimidation, or coercion.” See, e.g., Butler v. RMS Technologies, 741 F.Supp. 1008, 1011 (D.Mass. 1990) (actual or potential physical confrontation accompanied by threat of harm necessary for violation of c. 12, §11(1)). The plaintiff does not allege any such conduct by MIT or TBC in her complaint. Nor can MIT or TBC be held vicariously liable under c. 12, §11(1) for Parker’s actions. See Jones v. City of Boston, 738 F.Supp. 604, 606 (D.Mass. 1990).
Because I find the plaintiff has not alleged that MIT or TBC engaged in threats, intimidation, or coercion, and neither MIT or TBC can be held liable for the civil rights violations of another, I dismiss Counts V and VI.
IV. Intentional Infliction of Emotional Distress (Counts XLI, XLII, XLIV & XLV)
I deny so much of the motions to dismiss as challenges the sufficiency of the claims of intentional infliction of emotional distress. In my view, those claims are adequately pleaded. Although the corporate defendants argue that the conduct of Parker could not have been motivated by a purpose to serve TBC or MIT, see Worcester Ins. Co. v. Fells Acre Day School, Inc., 408 Mass. 393, 404 (1990), the issue of motivation cannot be resolved on a motion to dismiss.
V. Negligence (Counts XXXVI, XXXVII, XXXVIII & XXXIX)
Because of Thomas’s status as a volunteer rather than an employee, defendants argue that a claim of simple negligence, as presently pleaded, does not lie. I agree. A different standard of care applies in relationships grounded upon gratuitous behavior. In those cases, a gross negligence standard applies. See Wheatley v. Pierce, 354 Mass. 573, 575-76 (1968). Accordingly, the negligence counts will be dismissed unless plaintiffs file an amended complaint which sounds in gross negligence within 20 days.
ORDER
It is ORDERED that the motions to dismiss Counts II, III, V, VI, XXXTV and XXXV of the complaint are ALLOWED. The motions to dismiss Counts XLI, XLII, XLIV and XLV are DENIED. The motions to dismiss Counts XXXVI, XXXVII, XXXVIII and XXXIX will be allowed unless plaintiffs replead these claims as set forth above within 20 days.

Defendants also move to dismiss plaintiffs’ intentional infliction of emotional distress claims (Counts XLI, XLII, XLIV &XLV).