Lauriat, J.
Kathleen M. Cody (“Cody”) brought this action alleging that she was discriminated against in the workplace on the basis of her gender and age in violation of G.L.c. 214, §1C and G.L.c. 93, §103. Defendant, Tarta Patrick (“Patrick”) has now moved to dismiss this action pursuant to Mass.R.Civ.P. 12(b)(6). For the following reasons, Patrick’s motion is ALLOWED in part and DENIED in part.
BACKGROUND
For the purposes of this motion, the following facts will be taken as true. Cody was employed by Copley Square Associates (“CSA”) as an independent contractor from approximately April 1995 to September 1995. She worked primarily as a real estate salesperson. Cody was the only female who worked at CSA and she was also the oldest person employed there.
During the course of her employment at CSA, Cody alleges that her co-workers, including defendant Patrick, made repeated unwelcome comments about her age and sex, creating a hostile working environment. Cody also alleges that defendant William Sutar failed to deter the defendants’ misconduct after she informed him that she was being harassed. Cody was discharged on September 13, 1995.
DISCUSSION
Dismissal of a complaint for failure to state a claim upon which relief can be granted is warranted only if “the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Whitinsville Plaza, Inc., v. Kotseas, 378 Mass. 85, 89 (1979); Charbonnier v. Amico, 367 Mass. 146, 152 (1975). All inferences should be drawn in the plaintiffs favor, and the complaint “is to be construed so as to do substantial justice . . .” Ourfalian v. Aro Mfg. Co., 31 Mass.App.Ct. 294, 296 (1991).
I. G.L.c. 214, §1C
Cody has first alleged a claim against Patrick under G.L.c. 214, §1C. That statute secures the right of individuals to be free from sexual harassment as it is defined in G.L.c. 151B and 151C.[1] The legislature enacted G.L.c. 214, §1C in 1986 at the same time that the Fair Employment Practices Act, G.L.c. 15 IB was amended to include sexual harassment claims.[2]
Patrick contends that Cody should be precluded from asserting a claim under G.L.c. 214, because G.L.c. 151B provides the exclusive remedy for sexual harassment in the employment context. The Supreme Judicial Court has never directly addressed whether a plaintiff must proceed in the first instance under G.L.c. 151B rather than under G.L.c. 214, §1C. The Court has held that where G.L.c. 151B applies, it is a plaintiffs sole remedy. Charland v. Muzi Motors, Inc., 417 Mass. 580, 586 (1994) (claim brought under Mass. Equal Rights Act dismissed where plaintiff failed to comply with requirements of G.L.c. 151B); Agin v. Federal White Cement, Inc., 417 Mass. 669, 672 (1994) (plaintiff may not pursue remedy under MERA where remedy under G.L.c. 151B is available). The Court has, however, recognized at least one situation where a plaintiff may properly assert a claim for sexual harassment under an alternative statute to G.L.c. 151B. See O’Connell v. Chasdi, 400 Mass. 686, 693 n.9 (1987) (claim under the Massachusetts Civil Rights Act allowed where G.L.c. 151B did not apply because the defendant was not an employer as defined by G.L.c. 15 IB, §1(5)). Thus, this court must first determine whether G.L.c. 151B is applicable to the facts of this case.
Cody alleges that she was employed by CSA as an independent contractor. The Supreme Judicial Court has declined to include independent contractors in the protected class of employees covered by G.L.c. 151B. Comey v. Hill, 387 Mass. 11,15 (1982). In its reasoning, the Court stated that “ [i]n the absence of any indication to the contrary, we will not assume that the *192 Legislature intended to cover relationships outside the traditional common law employer-employee relationship.” Id. Accordingly, this court concludes that Cody has no cause of action under G.L.c. 151B.
The next issue is whether G.L.c. 214 provides an independent cause of action for sexual harassment. Two relatively recent Superior Court decisions address this issue. In Thomas v. Parker, Civil No. 92-2415, 3 Mass. L. Rptr. 163, 164-65 (Middlesex Super. Ct.) (Dec. 19, 1994), Judge Hinkle dismissed a claim under G.L.c. 214, §1C, reasoning that “[i]n light of the Supreme Judicial Court’s refusal to apply c. 15IB in any context but the most traditional employer-employee relationship, I find and rule that [the plaintiff] as a volunteer at WMBR has no remedy under c. 214, §1C.” Similarly, Judge Josephson in Dupuis v. Con-Test, Inc. Civil No. 94-1739, slip op. at 3 (Hampden Super. Ct. May 1, 1995), dismissed a sex discrimination claim brought under G.L.c. 214, §1C after finding that “(b]y amending G.L.c. 15IB to include sexual harassment in employment within the jurisdiction of c. 151B, the Legislature intended that c. 15IB provide the sole remedy to plaintiffs alleging sexual harassment in employment.”
This court agrees that G.L.c. 151B provides the exclusive remedy for plaintiffs alleging sexual harassment in the traditional employer-employee context. However, the court disagrees that this exclusivity provision should apply to individuals, such as independent contractors, who fall outside of the sweep of G.L.c. 151B. Nothing in the language or legislative history of G.L.c. 214, §1C restricts its scope to the traditional employer-employee context. Additionally, the legislature only incorporated G.L.c. 151B’s definition of “sexual harassment” into G.L.c. 214, §1C, and not the restrictive definitions for “employer” or “employee,” thereby expanding the potential class of plaintiffs and defendants. See Clarke v. Kentucky Fried Chicken of California, Inc., 57 F.3d 21, 26 (1st Cir. 1995) (Legislature may have intended to make all employment-based sexual harassment unlawful in Massachusetts by enacting G.L.c. 214, §1C and only tying G.L.c. 151B’s definition of “sexual harassment” and not “employer" to G.L.c. 214); see also S. Beville, “Sexual Harassment Law in Massachusetts: Where We Stand and Where We Are Headed,” 60 Mass.L.Rev. 60, 63 n. 31 (1988) (“This statute provides perhaps the greatest potential for sexual harassment plaintiffs since it permits plaintiffs to file sexual harassment claims without being subjected to the strict jurisdictional, procedural and statute of limitations provisions of the general anti-discrimination in employment statute, G.L.c. 151B”). Moreover, imposing the exclusivity provision of G.L.c. 151B to nontraditional employees would leave an entire group of persons who experience sexual harassment in the workplace without a remedy. Accordingly, this court concludes that G.L.c. 214, §1C affords Cody a cause of action in this case.
II. G.L.c. 93, §103
Cody’s second cause of action against Patrick is based on the Massachusetts Equal Rights Act (“MERA”), G.L.c. 93, § 103(a). That statute confers on any person, regardless of their sex or age, the same rights as white males “to make and enforce contracts.” Patrick asserts that Cody’s claim under MERA should be dismissed for two reasons: (1) G.L.c. 151B provides the exclusive remedy for her sexual harassment claim; and (2) the language “to make and enforce contracts” prohibits Cody’s claim where there is no contractual relation between the parties. The court will address each of these arguments in turn.
The Supreme Judicial Court has held that where G.L.c. 15 IB may be invoked, no claim may be brought under MERA. See, Agin, supra; Charland, supra, and cases cited. Where G.L.c. 15IB is not applicable, however, a plaintiff may pursue a cause of action under MERA. See Agin, supra at 672; Charland, supra at 586; O’Connell, supra at 693 n. 9 (where employer has fewer than six employees and thus not covered by G.L.c. 151B, plaintiff may bring claim under MERA). Because the court has already determined that G.L.c. 15 IB is inapplicable to this case, it must now consider whether Cody has a cause of action under MERA.
MERA prohibits discrimination in the making and enforcing of contracts. See G.L.c. 93, §103(a). There are no Massachusetts appellate decisions interpreting the phrase “to make and enforce contracts.” The majority of Superior Court decisions addressing the issue have held that the “making and enforcing” language should be interpreted in accord with the United States Supreme Court’s decision in Patterson v. McLean Credit Union, 491 U.S. 164 (1989). See e.g., Titcomb v. Boston Safe Deposit & Trust Co., Civil No. 92-6585, slip op. at 6-7 (Suffolk Super. Ct. June 9, 1993) (Sossman, J.); Thomas, 3 Mass. L. Rptr. at 164-65 (finding MERA inapplicable to volunteer’s claim); Fallon v. Genrad, Civil No. 92-07023, 1 Mass. L. Rptr. 555, 556 (Middlesex Super. Ct. Mar. 7, 1993) (Brady, J.) (holding G.L.c. 93, §103(a) does not extend to performance of a contract after its formation). But see Pascucci v. Rocco, Civil No. 93-04974, slip op. at 4 (Suffolk Super. Ct. Jan. 25,1996) (Cratsley, J.) (holding “making and enforcing” language encompasses the performance and termination of employment contracts). In Patterson, the court held that under 42 U.S.C. §1981, the phrase “to make and enforce contracts” does not apply “to conduct by the employer after the contract relation has been established, including breach of the terms of the contract or imposition of discriminatory working conditions.” Patterson, supra at 177.
The plaintiff does not allege that she had a contractual relationship with Patrick. She asserts that Tarin Patrick was a fellow worker, also employed as an independent contractor. Because there is no contract between these parties or any facts indicating that Patrick interfered with Cody’s right to make and enforce her employment contract, Cody’s claim under G.L.c. 93, §103 must be dismissed.[3]
*193 ORDER
For the foregoing reasons, the Defendant Tarin Patrick’s Motion to Dismiss is ALLOWED as to the claim brought by Kathleen M. Cody pursuant to G.L.c. 93, §103, and DENIED as to the claim brought by Kathleen M. Cody under G.L.c. 214, §1C.

Under G.L.c. 151B, §1(18) “sexual harassment” is defined as follows:
sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature when (a) explicitly or implicitly a term or condition of employment or as a basis for employment decisions;(b) such advances, requests or conduct have the purpose or effect of unreasonably interfering with an individual’s work performance by creating an intimidating, hostile, humiliating or sexually offensive work environment.

G.L.c. 151B, §4(16A) states that it shall be an unlawful practice “(f]or any employer, personally or through its agents, to sexually harass any employee."

Because the claim is dismissed for failure to allege any contractual relation between the parties, the court does not address whether the words “to make and enforce contracts” encompasses a claim for wrongful discharge.